## Fort Dodge City School District v. The District Township of Wahkansa.

1. Practice: AGREEMENT. After parties have agreed to submit to the court in a collateral proceeding a question as to the validity of an organization of a corporation, neither can object to the right of the other to thus present the issue.

2. School district: ORGANIZATION. The notice of an election to determine a proposition to annex territory to a school district, under § 2098, Revision of 1860, instead of providing for taking the vote of all qualified persons residing within the limits of the contemplated district provided for a vote by only a portion thereof: *Held*, That the organization was invalid, and would not be valid though the votes in favor of the organization exceeded in number all the votes in the excluded territory.

*Appeal from Webster District Court.*

THURSDAY, OCTOBER 6.

THIS case after being remanded (see 15 Iowa, 435), was heard, upon the issues joined, by the court sitting as a jury, and decided in favor of defendant, and plaintiff appeals.

*John F. Duncombe* for the appellant.

*John M. Stockdale* for the appellee.

WRIGHT, Ch. J.—The petition avers that plaintiff and defendant are bodies corporate, duly organized under 1. PRAC-    and by virtue of the laws of this State, as school
TICE:
agreement. districts for common school purposes. It seems that prior to Oct. 13th, 1860, the corporate limits of defendant included all the territory now claimed by plaintiff. On that day, it is alleged that an election was held under the act of Feb. 26th, 1860 (Art. 5th, ch. 88, Rev.), by which plaintiff was organized into a separate district; and this action is brought to recover certain sums of money known as "school house" and "teachers' fund," which it is claimed belong to plaintiff. The answer denies generally and specifically the organization of plaintiff as a separate school district, as well as the sufficiency and legality of all the alleged steps.leading to said supposed organization; and denies, in various and divers forms, that plaintiff was ever at any time duly set off from defendant by a majority vote of the resident and qualified electors of said new district; denying the notice, alleging fraud, &c. To this answer there was a general replication, and the parties, without objection, submitted the cause "to the court to determine the question of organization and legal capacity of plaintiff to sue," and the court, after due consideration, &c., found for defendant.

Plaintiff now claims that the legal existence of a corporation cannot be impeached in this collateral method, that the proceeding must be direct and brought for the purpose of testing the very question of corporation or no corporation. And as a part of this position, it is maintained that the pleadings do not sufficiently set out the facts which are claimed as showing the invalidity of the organization or corporation. To this, it seems to us, to be well responded, that the parties agreed to submit the very question of organization to the court. It was certainly competent for plaintiff to refer to the court, and have settled in this summary (if collateral) method, the question of the legality and regularity of the steps leading to the new organization. And after having done so without objection, it is too late afterwards to raise the question of the right of defendant to thus make the issue. There was no demurrer to the answer, no objection to any of the testimony, no exception at any stage of the proceedings, until the court announced its finding upon the question submitted. A motion was then made for a new trial, because the finding was not sustained by the evidence and was contrary to law. But, even in this motion, there is no intimation, except argumentatively, that the method of raising the issue is the subject of complaint. We conclude, therefore, that plaintiff must be held to the issue submitted, and that all that remains to us, is to ascertain whether plaintiff was so organized, at the time and under the circumstances stated, as to be entitled to maintain this action.

The new district includes two congressional townships, being T. 89, Ranges 27 and 28. All the territory therein, outside the limits of Fort Dodge, is regarded and treated as annexed thereto for school purposes, within the meaning of § 2097 of the Revision. The notice to the electors, however, instead of providing for taking the sense of all the people " residing within

1. School district: organization.

the limits of the contemplated district, by means of a public ballot," (§ 2098), confined the election to those "residing within the town of Fort Dodge." In this manner, a separate school district was attempted to be organized, six miles by twelve, and including families and voters outside the town limits, who were not allowed to participate in the election, at which the question was determined. If a district can be thus organized, then a notice would be equally effective, which should limit the voting to one lot or block of the town or city. The proportion of those in, and out of the city limits, can make no difference. For, though more votes may have been cast for the separate district than resided outside the town, such non-residents should nevertheless have the right to be heard, and by their influence, as well as votes, contribute to the result. By their own votes, they might not have been able to change the result, while, with the aid of those within the town (who, on account of this exclusion, were inactive, because powerless), the proposition might have been defeated. Indeed, that a notice of this character, should provide for taking the sense of the voters, not of the town or city merely, but of all residing within the limits of the proposed separate district, there can be no doubt. How far the subsequent concurrence of the outside voters in the separate organization, might operate to cure the defect, we need not determine. In this case we do not understand that such voters do concur, but rather that they take part in resisting plaintiff's claim to a separate existence.

Thus viewing the case, it is unnecessary to determine whether notice of the election was given for a sufficient length of time. On this subject, however, see *State ex rel. Lewis* v. *Young*, 4 Iowa, 561; and, for the same reason, we pass the consideration of any question of fraud, and the other objections taken to the regularity of plaintiff's organization.                                            Affirmed.