THE STATE *ex rel.* v. THE INDEPENDENT SCHOOL
DISTRICT OF CARBONDALE.

1. **Schools:** FORMATION OF INDEPENDENT DISTRICTS: QUO WARRANTO
Under chapter 143, section 9, Laws of 11th General Assembly, terri-
tory organized into an independent school district must contain not less
than two hundred inhabitants; and an independent district organized
with less than this number is unauthorized, and the legality of
it may be inquired into by an information in the nature of a *quo war-
ranto.*

2. —— Whether a portion of the territory of subdistrict which is about to
be organized into an independent district can be excluded therefrom,
*quere.*

*Appeal from Mahaska District Court.*

WEDNESDAY, JULY 27.

THIS is a proceeding by information to inquire into the
legality of the organization of the independent district of
Carbondale, in the county of Mahaska. The information
alleges that said independent school district was formed
in the year 1867, and that, upon the petition of ten legal
voters, the boundaries of said independent district were
formed by the township trustees of Oskaloosa township;
but that the said trustees did not take a city, town or sub-
district as the basis of said organization; that, instead
thereof, said township trustees fixed the boundaries of
said independent school district, including therein all
of subdistrict No. 8 of Oskaloosa township, excepting
about 240 acres, upon which is situated the village of En-
terprise, and upon which, at the time of fixing the boun-
daries of the independent district, resided a majority of
the inhabitants of subdistrict No. 8. The information
furthes alleges, that, when organized, the independent dis-
trict did not contain 200 inhabitants.

The defendants demurred to the information, the demurrer was overruled, and the defendants appeal.

*Seevers & Cutts* for the appellants.

*Lacey & Shepherd* for the appellees.

WILLIAMS, J. — It is admitted that the independent school district which was formed out of subdistrict No. 8 of the township district of Oskaloosa, did not contain all the territory included in subdistrict No. 8, and that the independent district, as formed, contained a population of less than two hundred.

The provisions of the law concerning the boundaries and population of an independent school district are : " Any city, town or subdistrict containing within its surveyed limits not less than two hundred inhabitants, and certain territory contiguous thereto, may be constituted a separate school district." Chapter 143, section 9, Laws 11th General Assembly. It seems evident that it was the intention of the legislature to require, that, on its organization, an independent school district should contain two hundred inhabitants. The demurrer admits that the district, as formed, contained less than this number.

But it is insisted that this fact cannot be inquired into by information in the nature of *quo warranto.* We have no doubt if two hundred inhabitants were a prerequisite, and the district, as formed, did not contain this number, that the fact could be thus investigated when the object of the proceeding is to annul the organization of the district.

It seems that the legislature intended, by its language, to signify that the territory of a subdistrict could be enlarged when it is to be formed into an independent district. This is evidently the import in this connection of the words, " and certain territory contiguous thereto."

VOL. XXIX.—34

It is not so clear that a portion of the territory of a sub-district, which is about to be formed into an independent district, can be excluded therefrom.

Affirmed.