THE STATE v. LEVERTON ET AL.

53 483
d130 106

1. **School Districts:** INDEPENDENT DISTRICTS: CONSOLIDATION. Certain proceedings considered, which were held not to constitute a sufficient compliance with the provisions of the statute for the consolidation of independent school districts.

*Appeal from Hardin Circuit Court.*

FRIDAY, APRIL 23.

THIS action was brought to test the right of the defendants to hold and exercise each the office of director of the Inde-

pendent District of Pleasant Grove, in Clay township, Hardin county. The plaintiff avers that the Independent District of Pleasant Grove has no legal existence. The court found otherwise, and rendered judgment for the defendants. The plaintiff appeals.

*William V. Allen*, for appellant.

*Porter & Moir*, for appellee.

ADAMS, CH. J.—It is insisted in the first place that what claims to be the Independent District of Pleasant Grove has

1. SCHOOL districts: independent districts: consolidation.
been consolidated with two other independent districts, forming what has been denominated "The Union Independent School District of Clay Township." The defendants deny that such consolidation has taken place. Certain votes were taken and certain things were done whereby at least a portion of the voters of the three districts supposed that a consolidation had taken place, and in pursuance of such supposition an election of officers was had for the Union District, and contracts were entered into by them. But what was denominated the Independent District of Pleasant Grove has endeavored to maintain its organization, and the defendants are its acting directors.

The question presented is as to whether the proper steps were taken by the three districts to effect a legal consolidation. It is not important, however, to inquire what was done by the two districts other than Pleasant Grove, if what was done by Pleasant Grove was insufficient.

The evidence shows that an election was held in Pleasant Grove at which eight votes were polled, all of which were in favor of consolidation. This would be sufficient to bind Pleasant Grove so far as that election is concerned, provided the preliminary steps necessary to a legal election were taken. The defendants contend that such steps were not taken. The provision for the consolidation of independent school districts is contained in section 1811 of the Code. A meeting for an

election can be called only upon the order of the board of directors, and at the written request of ten legal voters. Ten days' notice of the time and place of meeting must be given. In the case at bar it appears to us that there was no proper compliance with these provisions. In the first place there is no pretense that any written request was made to the board of directors to call a meeting. In the second place no call was made at any proper meeting of the board. The evidence shows that two board meetings were held. Each was a joint meeting between the board of Pleasant Grove and that of one of the other districts. A resolution was passed at each of these joint meetings. It is evident that Pleasant Grove would not be bound by a resolution passed at a joint meeting of its own board and that of some other district. Besides, we fail to find that the resolutions passed were sufficient even if they had been passed by the board of Pleasant Grove alone. No resolution was passed for the call of a meeting for an election upon the consolidation of the three districts. The two other districts were North East and Clay Center. At the joint meeting of the board of Pleasant Grove and that of North East, the resolution passed was for the call of a meeting for an election upon the consolidation of those two districts; and at the joint meeting of the board of Pleasant Grove and that of Clay Center the resolution passed was for the call of a meeting for an election upon the consolidation of those two districts. The notices posted were in pursuance of the resolutions, and called for two distinct elections, neither of them being upon the consolidation of the three districts. It is true, if Pleasant Grove were consolidated with North East, and also with Clay Center, it would result that the three would be consolidated. But it is obvious that if the object was to consolidate the three the question was not properly submitted. Voters might favor the consolidation of Pleasant Grove with either of the others and be opposed to the consolidation of the three. In our opinion no legal consolidation was made. The plaintiff claims, however, that even if

this be so judgment should have been rendered against the defendants. This claim is based upon the theory that Pleasant Grove never had any existence as an independent district.

Pleasant Grove, North East and Clay Center were originally subdistricts in the District Township of Clay. At some time (it does not appear when) steps were taken to constitute the subdistricts of the District Township independent districts. The plaintiff claims that the proceedings were irregular, and that Pleasant Grove failed to secure an independent organization.

It is averred, however, in the petition that North East and Clay Center became independent districts. Now if the proceedings were sufficient to constitute these independent districts they were sufficient to constitute Pleasant Grove an independent district. Besides, the District Township organization was laid aside. The several subdistricts assumed that they had taken on an independent organization and life, and proceeded to act accordingly. No objection appears to have been made by anybody. It is not shown that any one now desires to revive the District Township organization. The plaintiff's petition is framed upon a theory which would exclude such revival. We should not be justified in this case in making a ruling which would unsettle so many interests and involve all the schools in the township in chaos. We cannot, indeed, suppose that the plaintiff desires it.

The judgment of the Circuit Court must be

AFFIRMED.