STATE OF IOWA, EX REL., W. H. HARMIS, Appellee, v. F. B. ALEXANDER, AND 118 OTHER DEFENDANTS, Appellants.

**Quo warranto:** LEAVE OF COURT: COLLATERAL ATTACK. An order
1 granting leave to bring quo warranto cannot be collaterally attacked.

**Schools:** ORGANIZATION OF DISTRICT: REVIEW: QUO WARRANTO. Quo
2 warranto, rather than certiorari, is the proper remedy to test the validity of the organization of a school district; and appeal to the superintendent is not the exclusive remedy.

**Same:** DELAY IN BRINGING ACTION. The effect of delay in bringing
3 quo warranto to determine the legality of the organization of a school district is dependent upon the particular facts of the case; and where the organization, in which the relator took no part, was illegal and was never in any manner recognized by him as valid except by the payment of his taxes, and no obligations had been created by the new district, the action was not barred on the ground of laches by a delay of fourteen months.

*Appeal from Lyon District Court.—* HON. WM. HUTCHIN-SON, Judge.

WEDNESDAY, FEBRUARY 7, 1906.

THIS is a *quo warranto* proceeding to test the legality of the incorporation of the Independent School District of Little Rock in Lyon county, Iowa. The trial court found that the district had no legal existence; that its officers were acting illegally, and they were ousted from their official positions; that the independent district had no legal existence; and that all acts relating to the formation thereof were void. Defendants appealed.—*Affirmed.*

*Parsons & Riniker,* for appellants.

*H. A. McManus* and *E. C. Roach,* for appellee.

DEEMER, J.— Prior to the acts complained of, what is known as Elgin township, in which the town of Little Rock is located, was an independent school district in virtue of the general law relating to that subject. On March 17, 1902, a petition was presented to the school board, asking that the district be so divided as to segregate that part of the territory outside the town of Little Rock into one independent district, and that within the town into another. And on the same day the school board ordered an election to be held on April 11th, of the same year, to determine the question, and gave notice of such election. The election was ordered to be held in the town of Little Rock only, and thereat seventy-nine votes were cast; fifty for, and twenty-nine against, the proposition to divide. The old district remained intact until March, 1903, when each new district elected separate officers and has since, and down to the commencement of this suit, remained separate. On March 21, 1903, the two boards met and made settlement of the affairs of the old district, and the board of the district of Little Rock gave to the so-called country district the sum of $1,277.62, as rep-

resenting the amount they should have of the assets of the old district. Taxes were then levied by the district of Little Rock for the years 1903 and 1904, and by the rural district for the year 1903; no tax being levied for the year 1904, as none was needed. This action to test the validity of all the proceedings was begun January 9, 1905.

Appellants do not on this appeal claim that the proceedings in question were regular, but practically concede that, as there was but one polling place, when there should have been two, the proceedings were irregular. This, of course, is so. Code, secs. 2794, 2798; *Ft. Dodge v. Dist. Twp.,* 17 Iowa, 85.

The contention of the defendant is that leave to prosecute was improvidently granted the relator; that he was guilty of such laches in bringing the suit as estops him from maintaining it; and that he has mistaken

1. Quo WAR- RANTO: leave of court: col- lateral attacks.

his remedy, in that he should have appealed to the county superintendent or brought timely action by certiorari. These are the only questions argued upon this appeal. Leave of court was granted relator to bring action, and such order is not subject to collateral attack. *State v. Des Moines,* 96 Iowa, 521. The real defense, if there be any, is laches on the part of the plaintiff and his failure to adopt appropriate action to reach the difficulty.

The first question which we shall discuss is the appropriateness of the remedy. Defendants insist that relator should have appealed to the county superintendent, as provided in section 2818 of the Code. But we

2. SCHOOLS: organization of district: review: quo warranto.

have many times held appeal is not the exclusive remedy. *Hinkle v. Saddler,* 97 Iowa 526; *Rodgers v. District,* 100 Iowa 317; *Perkins v. Board,* 56 Iowa, 476; *Benjamin v. Dist,* 50 Iowa 648; *Curttright v. Dist.,* 111 Iowa, 20. Certiorari does not seem to be the proper remedy, for the board was not exercising judicial functions; but, if it were, certiorari is not

the exclusive remedy. *State v. Fidelity Co.,* 77 Iowa, 648. That *quo warranto* is the proper remedy in such cases is squarely decided in *State v. Ind. Dist.,* 29 Iowa, 264.

Coming now to the question of laches: That laches will defeat such an action is well established by authority. See State v. Des Moines, *supra;* High on Extraordinary Remedies (3d Ed.) sec. 631. Lapse of time, when not of itself sufficient to bar the action under statutory limitations, should be considered with reference to the probable consequences to result from a judgment of ouster. So far as shown, relator at no time took any part in the illegal proceedings, nor did he recognize the defendants as duly constituted officials, except that he paid taxes, as he says under compulsion, to the Independent District of Little Rock. So far as shown, he took no part in the election, and has in no way recognized the legality of the two districts, except by payment of taxes and by silence. The districts were organized in March, 1903, and this action was commenced January 9, 1905. The delay was one year and two months. Nothing has been done between the two districts, save to adjust their finances, and each has collected some taxes, one for two years, and the other for one year. No new buildings have been erected, and no new obligations incurred. A readjustment of finances can be made as easily now as when the district was divided. With a judgment of ouster, the old district is revived, and matters may proceed, after readjustment of financial matters, the same as before. In other words, no such results will follow here as in the Des Moines Case, *supra,* which is relied upon by appellants. The delay here was not sufficient evidence of acquiescence to constitute an estoppel on the part of the relator. On such an issue as this, each case must be determined upon its own peculiar facts, and little help can be had from previous cases. Relator has shown the illegality of the proceedings, and is entitled to the relief asked, unless he be estopped by laches or otherwise, and the

3. SAME: delay in bringing action.

burden is upon the defendants to show some good reason for denying the relief.

This they have not done, and the judgment must be, and it is, *affirmed*.