T. E. MOLYNEAUX, ET AL., Appellees, v. JAMES MOLYNEAUX, ET AL., Appellants.

School districts: CONSOLIDATION: ESTOPPEL. Where the electors of
1  a school district were all present and voted upon a definite proposition to consolidate with another district, they are estopped to deny the validity of the proceedings, because the petition to the board and notice of election failed to describe the territory to be consolidated.

Consolidation of districts: CERTIORARI. That pupils of a district
2  may be deprived of school privileges is not ground for the issuance of certiorari to review the proceedings consolidating districts.

Elections for consolidation. It is not essential for the consolida-
3  tion of two school districts that the election in each district be held at the same time, as Code Section 2799, governing such elections is only directory.

Estoppel by ratification. Where due notice of a meeting to elect officers of a newly consolidated school district was given, and the electors either participated in the meeting or refrained from attending and made no objection to the proceedings for consolidation, they were thereafter estopped to question the validity of the organization.

*Appeal from Keokuk District Court.*— Hon. W. G. Clements, Judge.

Thursday, March 8, 1906.

This is a *certiorari* proceeding to test the validity of the consolidation of certain school districts. The trial court sustained the writ, held the consolidation invalid, and taxed the costs to the Independent District of Prairie Township, in Keokuk county. Defendants, who are officers of the various districts, appeal.— *Reversed.*

*Stockman & Hamilton,* for appellants.

*J. C. Beem* and *Brown & Willcocksen,* for appellees.

Deemer, J.— Prior to the attempt at consolidation there were three school districts in Prairie township. What was known as District No. 3, which was two miles square, was in the northwest corner of the township; and District No. 4, also two miles square, laid just south of District No. 3. These two districts were united some years ago into Districts 3 and 4, sometimes known as the " District of Nassau." District No. 2, also two miles square, laid just east of District No. 3. In February of the year 1905 a petition signed by 10 electors of District No. 2 was presented to the board of that district, asking that the question of consolidation with Districts 3 and 4 be submitted to the electors; and on March 1st of that year the board met and ordered the question submitted at the annual meeting. Notice was given March 2d, and on the 13th the annual meeting of the district was held, at which every voter was present and voted

fulfilled in that the electors were all present, had an oppor-
upon the proposition. Petitions were also presented to the
boards of the other districts or district, elections ordered and
held, and, a majority being in favor of consolidation, the
secretaries ordered a meeting for the election of officers for
the consolidated district, which was accordingly held, and
thereat officers chosen to administer the affairs of the con-
solidated district. Plaintiffs, who are residents and taxpay-
ers of the old District No. 2, brought this action against the
officers and directors of each of the old districts, claiming
that the consolidation was illegal and void, in that (1) the
petition for consolidation was insufficient, (2) the notice
of the proposed election and meeting was improper, and (3)
the election was irregular and void. Defendants, among
other things, pleaded that plaintiffs, having participated in
the election, are estopped to deny its validity, and that
they did not make proper and necessary parties defendant.
The officers and directors of the consolidated district were
not made parties.

As the case involves primarily a consideration of the
statutes with reference to the consolidation of school districts,
we shall set forth the substance thereof before going to the
facts relied upon as a ground for the issuance of the writ.
By Code, section 2749, it is provided that the electors of a
school district may, at the annual meeting, vote upon any
proposition submitted by the board, upon request of any five
voters of a rural independent district, or of ten voters of a
school township, which proposition shall be voted upon in a
prescribed form of ballot submitting the proposition. In
section 2751 it is provided that the meeting of the electors
of each subdistrict shall be held on the first Monday in
March; notice in writing of the time and place of meeting
being given as therein provided. By section 2799 it is pro-
vided that independent districts located on contiguous terri-
tory may unite and form one and the same independent dis-
trict in the following manner:

At the written request of any ten legal voters residing in each of said independent districts, their respective boards of directors shall require their secretaries to give it at least ten days' notice of the time and place for a meeting of the electors residing in each of said districts by posting written notices in at least five public places in each of said districts, at which meeting the electors shall vote by ballot for or against a consolidation of said independent districts; and if a majority of the votes cast at the election in each district shall be in favor of uniting said districts, the secretaries shall give a similar notice of a meeting of the electors as provided by law for the organization of independent districts.

The exact facts in this case are as follows: Ten or more electors of District No. 2 presented a petition to their board of directors, asking that the board submit at the annual election the matter of the consolidation of their district " with other districts," not naming them. Pursuant to this request notice was given to the electors of District No. 2 of the time and place of the annual meeting, and that the board had ordered the submission of this proposition: " Shall Independent District No. 2, Prairie township, Keokuk county, consolidate with other districts ? " At the annual meeting the following form of proposition was submitted and voted upon by the electors: " Shall the rural Independent District of Round Grove No. 2, township of Prairie, in the county of Keokuk, State of Iowa, consolidate with the Independent District of Gibson, Nos. 3 and 4, township of Prairie, in the county of Keokuk, and State of Iowa, forming a consolidation of said independent district ? Write ' Yes ' or ' No ' in the square to the right." Each and all of the electors, including these plaintiffs, were present at this annual meeting, and voted " Yea " or " Nay " upon the proposition submitted, resulting in a majority vote for consolidation. On March 20, 1905, there was presented to the board of directors of Districts 3 and 4 a petition signed by twenty-five electors, asking for a special election to vote upon a proposition for the consolidation of their district with

District No. 2. , Pursuant to this.petition the board ordered a special election to be held on April 1st to vote upon the proposition. The secretary was ordered to and did post notices of said election, stating that the proposition of consolidation with District No. 2 would be submitted; and on April 1st the election was held, at which twenty-seven votes were cast, twenty-three being in the affirmative and four in the negative. Thereupon the two secretaries of the old districts united in a notice calling a special meeting of the electors of the consolidated district on April 22d for the election of a school board and treasurer for the consolidated district. This meeting was held pursuant to call, at which twenty-three electors were present; and a new board was elected, composed of some, but not all, of the defendants to this action.

The exact complaints now made by plaintiff are: (1) That the petition presented to the board of District No. 2 was insufficient, in that it did not name the territory to be consolidated; (2) that the notice of election in that district was also defective for the same reason; (3) that the elections were and are void, because not held on the same day and at the same time; and (4) that certain pupils by the consolidation are deprived of school privileges.

It is true that neither petition nor notice described the territory which it was proposed should become a part of District No. 2; and it is also conceded that the elections for con-

1. SCHOOL DIS-
TRICTS: con-
solidation:
estoppel.

solidation were not held on the same day. But it appears that all the electors were present at the annual meeting of District No. 2, and that the proposition submitted to and voted upon by them described the territory which it was proposed should be consolidated with District No. 2. Plaintiffs were present at and voted upon this definite proposition, and in our opinion are estopped from asserting the invalidity of the petition and notice. The object of the petition and notice had been fulfilled in that the electors were all present, had an oppor-

tunity to, and did vote upon a definite proposition for con-
solidation.   *Hanna v. Wright,* 116 Iowa, 275; *Dishon v.
Smith,* 10 Iowa, 212; *State v. Lansing,* 46 Neb. 514 (64 N.
W. 1104, 35 L. R. A. 124); *Com. v. Smith,* 132 Mass. 289;
*Ford v. North Des Moines,* 80 Iowa, 632; *Page Co. v.
Am. Co.,* 41 Iowa, 126.

So that .there are but two other questions in the case:
(1) Should the proceedings be invalidated because the elec-
tions in the two districts were not held on the same day?
and (2) will the writ lie because certain pupils
are deprived of school privileges?   Upon the
second question there is little room for argu-
ment.   That pupils may be deprived of school privileges
is no ground for the issuance of a writ of *certiorari.*   Under
section 2774 the board is required to provide a school for
any ten children in the district, and for failure to do so there
is a proper remedy.   That this is not *certiorari* is clear.

2. CONSOLIDATION
OF DISTRICTS:
certiorari.

The only remaining question then is:   Was failure to
hold the elections on the same day fatal to the proceedings?
As to this plaintiffs cannot be estopped, for they had nothing
to do with the election held in the other dis-
trict.   They did not participate therein, nor
could they in any manner control it.   Under section 2749
of the Code the electors of District No. 2 had the right
at their annual meeting to consider any proposition sub-
mitted to them by the board of directors, and, unless section
2799 provides expressly for elections in the separate districts
at the same time, then there seems to be no good reason for
ousting the consolidated district and declaring the proceed-
ings null and void.   While some language of this section
seems to indicate that the elections should be held on the
same day and at the same time, yet we do not regard the
statute in this respect mandatory.   If it be directory, then
plaintiffs cannot complain, in the absence of some showing
of prejudice.   As we have observed, plaintiffs are in no
position to complain of the defects in the petition and

3. ELECTIONS FOR
CONSOLIDATION.

notice; and the electors of Districts 3 and 4 have no cause for complaint, for the petitions and notices as to them were in full compliance with law. The electors of the consolidated district met after proper notice and elected their directors in due form; and, while plaintiffs say that some of the pupils are deprived of school privileges, there is no proof of that, and, even if there were, this would not be the way to reach the difficulty. There is no showing that any elector was prevented from voting, or that any one not entitled to vote was permitted to participate in the election. In such a state of facts there seems to be no good reason for ousting the new consolidated corporation. None of the cases cited and relied upon by appellees' counsel seem to be in point. These are *State v. Leverton,* 53 Iowa, 483, and *Goerdt v. Trimm,* 118 Iowa, 207. The facts which we have recited clearly distinguish these cases. Unless prejudice be shown, the court may dismiss the writ; and such an action as this will not lie to correct a mere irregularity. *Johnson v. Board,* 61 Iowa, 89. We see no reason for requiring the electors of the two districts to again go through the formality of an election to be held on the same day and hour, for there is no claim, as we have already said, that any one did not vote who cared to, or that any voted who were disqualified.

Moreover, the whole matter seems to have been ratified at the subsequent meeting of the electors of the consolidated district of which due and timely notice was given. No one 4. ESTOPPEL BY at that time appeared and raised any objections RATIFICATION. to the proceedings. Plaintiffs are conclusively bound to know of this meeting, for due notice was given, and, instead of objecting, they either remained away, or appeared and voted for the new directors without interposing any protest. On the whole record we think plaintiffs are now estopped from questioning the validity of the proceedings. *State v. Langlie,* 5 N. D. 594 (67 N. W. 958, 32 L. R. A. 723).

The judgment of the district court must therefore be reversed, and the case remanded for one in harmony with this opinion.— *Reversed.*