Feb. 1918]          HARVEY v. KIRTON.                    973

---

I. E. HARVEY et al., Appellants, v. J. H. KIRTON et al.,
Appellees.

INJUNCTION: Subjects of Protection and Relief—Illegal Organiza-
1  tion of Corporation—Schools and School Districts. Injunction is
not the proper action to test the right of officers of a public
municipal corporation to perform official acts, *when the sole
contention is that the proceedings attending the alleged organ-
ization were illegal, and that, therefore, the said officers were
without standing in law.* Quo warranto is the exclusive rem-
edy. So held in an action against the board of directors of a
consolidated school district.

TRIAL: Proper Calendar—Fundamentally Unallowable Proceeding.
2  An equitable proceeding which, owing to the nature of the is-
sues and the relief sought, is *fundamentally unallowable,* is not
rendered allowable by the failure of the opposing party to move
for a transfer to the law calendar.

PRINCIPLE APPLIED: Plaintiff claimed that the proceed-
ings leading up to and culminating in the alleged organization
of a consolidated school district were illegal, and that the board
of directors, properly elected in consequence of such organiza-
tion, was, therefore, an illegal body, and had no power to do
those things which it would have had power to do had the dis-
trict been legally organized. Action was brought *in equity* to
enjoin the directors from doing any of said acts. Plaintiff was
on the proper calendar, in view of what he asked, to wit, an
injunction; but, as a matter of law, he was not entitled to an
injunction. He ought to have proceeded at law—by quo war-
ranto. Defendant did not move to transfer to the law calendar.
*Held,* such failure did not work a waiver of the objection that
plaintiff had wholly mistaken his proper remedy.

*Appeal from Marion District Court.*—L. N. HAYS, Judge.

OCTOBER 25, 1917.

REHEARING DENIED FEBRUARY 13, 1918.

Some forty or more persons join as plaintiffs, and say that they are residents, citizens, and taxpayers of the territory in Marion County, Iowa, proposed to be included in and to constitute a part of the proposed Consolidated Independent School District of Dallas, Marion County, Iowa, and residents of that part of said territory lying outside of the incorporated limits of the town of Dallas, with which it is proposed to consolidate the said outside territory, in order to form the consolidated district. Defendants are members of the board of directors, and one, the treasurer of the Consolidated Independent School District of Dallas, Marion County, Iowa. This action is in equity, and plaintiffs ask that the defendants and their successors be enjoined and restrained from acting as a board of directors and treasurer of said proposed district, and that the special election of March 27, 1915, and all acts in connection therewith, both before and subsequent thereto, be held and adjudged to be illegal and void. A trial was had, and plaintiffs' petition dismissed. Plaintiffs appeal.—*Affirmed.*

*L. D. Teter* and *Parsons & Mills,* for appellants.

*Crozier & Welch* and *W. G. Vander Ploeg,* for appellees.

Preston, J.—1. Plaintiffs ask that defendants be enjoined from exercising any of the functions of the office of school directors or officers of the Consolidated Independent School District of Dallas, on account of certain illegalities and irregularities alleged to have occurred during the organization of the consolidated district, which, it is alleged, rendered the organization illegal. Appellants have assigned errors, and all questions have been argued; but, in view of our holding that, under the circumstances of this case, quo warranto is the exclusive remedy, we ought not to consider other questions.

The organization of the consolidated district was attempted under the provisions of Section 2794-a of the Supplement to the Code, 1913.

·It may be observed that every act and **1. INJUNCTION: subjects of protection and relief: illegal organization of corporation: schools and school districts.** thing which the plaintiffs' say the defendants will do unlawfully are those things which the law specifically requires or permits boards of directors of consolidated school districts to perform. The things which plaintiffs allege in their petition that the defendants threaten to do unlawfully are substantially these: That, unless restrained, the defendants will wrongfully proceed to effect an organization of the said proposed consolidated independent district, and will levy for a general fund of said proposed consolidated district the amount of necessary taxes for school purposes, and will certify the same to the county board of supervisors; that defendants will wrongfully proceed to provide transportation to and from school for the pupils residing in the district, and will proceed to provide a suitable school building within the town of Dallas, and the like. It is not claimed that the defendants are seeking to do these things in an unlawful manner, but plaintiffs' claim is that, because the district was not organized, defendants have no right to do these things at all. If the district is properly organized, then, clearly, defendants have a right to do these things. So that, after all, as stated, the proposition goes back to the question whether the district has been legally organized. It is not claimed that the defendants were not legally elected as officers and directors of the Consolidated Independent School District of Dallas. Plaintiffs' claim is that the consolidated district which defendants claim to represent as officers and directors was not legally established, and, therefore, the defendants should not be permitted to perform the duties which the law specifically enjoins upon them. So that, after all, the real question in the case is as to whether the district has been legally organized as a school corporation, and as to whether it has authority to act as such. Counsel for ap-

pellants concede as much; for they say in argument:

"That the Consolidated Independent School District of Dallas does not now, nor never has, existed as such, unless all proceedings are regular and valid, and there is a want of power, or at least there is a contention as to the want of power."

The defendants pleaded in their answer, and now contend, that, under the circumstances of this case, an injunction would not lie, but that an action of quo warranto is the proper remedy to test the legality of the organization of quasi corporations, such as a school district, and that such a remedy is exclusive, where the legality of the organization is the only question. Substantially all the evidence introduced on the trial was directed to this point, and the principal arguments of both appellants and appellees are on this question.

2. It is thought by appellants that the rule applies here that, if a wrong forum is selected, the proper remedy is a motion to transfer (citing Code Sections 3432, 3437, and *In re Estate of Douglas,* 140 Iowa 603) ; and that the failure of defendants to move to transfer is a waiver of the defects in the proceedings (citing, again, Code Sections 3432, 3433, 3434, 3437, *Reiger v. Turley,* 151 Iowa 491, *Matthews v. Lewis Drug Co.,* 110 Iowa 231).

2. TRIAL: proper calendar: fundamentally unallowable proceeding.

But defendants are not objecting that appellants are not in the proper forum because the relief asked for can only be granted in equity, but they do contend that plaintiffs have no right to an injunction, and that injunction is not the proper remedy.

It occurs to us that there is another reason why the rule would not apply in this case, if an action of quo warranto is the proper and exclusive remedy. It is that, in a quo warranto proceeding, under Code Section 4316, leave of court, or a judge thereof, must be had before the action

can be brought. Such an action is really by the state, at the relation of an individual.

5. Appellants contend that quo warranto is not an exclusive remedy, and their claim is that the distinction is that, where there is a want of power, or where the contention is as to the want of power, equity has jurisdiction. But they say that, where the power is conceded, but the manner of the exercise of the power is sought to be controlled, the remedy is at law. They cite *Gallagher v. School Township*, 173 Iowa 610; *Hinkle v. Saddler*, 97 Iowa 526; *State v. Alexander*, 129 Iowa 538; *McLachlan v. Town of Gray*, 105 Iowa 259. And they cite, also, Code Sections 4313 and 4354. The first of these is one of the sections of the statute in regard to quo warranto cases, and the other is the statute on injunctions. Appellees say that these cases do not sustain the propositions for which they are cited, and they say that appellants cannot find a case squarely supporting the proposition.

Referring now to appellants' cases, it is true that, in the *Gallagher* case, the action was for an injunction to restrain defendants from acting as directors of the school district; but the question as to whether the remedy was a proper one was not raised, and no reference is made to the question in the opinion.

In the *Hinkle* case, no question was made as to the legality of the formation of the school district of which defendants were officers, and no question was made as to the legality of their election. The claim was that the election authorizing the levying of a tax for the building of a schoolhouse was illegally held. Some question was raised in that case as to the addition of certain territory, but that question was not determined by the court.

The case of *State v. Alexander*, supra, is authority only for the proposition that quo warranto is the proper remedy to test the validity of the organization of a school dis-

trict. Such was the holding, also, in *State v. School Dist. of Carbondale,* 29 Iowa 264.

In the *McLachlan* case, plaintiffs sought to restrain by injunction the vacation of a certain highway within the defendant town, and the court held that plaintiffs had a plain, speedy and adequate remedy at law by certiorari. The statute provides under what circumstances certiorari will lie, and other provisions of the statute provide when quo warranto is a proper proceeding. The remedies are different. It is an elementary rule of law governing injunctions that injunctions will not be granted if the complaining parties have a plain, speedy, and adequate remedy at law.

Turning now to the statute under the title in regard to actions to test official and corporate rights, we find that Section 4313 provides:

"A civil action by ordinary proceedings may be brought in the name of the state in the following cases:

"1. Against any person unlawfully holding or exercising any public office or franchise within that state, or any office in any corporation created by this state;  *  *  *

"3. Against any person acting as a corporation within the state without being authorized by law."

And Section 4316 provides that "any citizen of the state having an interest in the question may apply to the court in which the action is to be commenced, or to the judge thereof, for leave to do so, and, upon obtaining such leave, may bring and prosecute the action to final judgment."

In 32 Cyc. 1415, we find this doctrine:

"In the absence of statutory provision to the contrary, quo warranto proceedings are held to be the only proper remedy in cases in which they are available. Thus, they are held to be the exclusive method of questioning the legality of the organization or a change in the territory of a quasi public corporation, such as a school district, or a

drainage district, or of determining the right to hold and
exercise a judicial or other public office, or to enforce the
forfeiture of a corporate franchise, to attack the validity
of the organization of a corporation, or to try title to an
office therein; and when the remedy by quo warranto is
available, it is held that there is no concurrent remedy in
equity, unless by virtue of statutory provision."

See, also, *Earlbora Twp. v. Howard,* (Okla.) 149 Pac.
136; *People ex rel. Weisbrod v. Lockard,* 26 Colo. App. 439
(143 Pac. 273, 277) ; 28 Cyc. 147, 347.

On the subject of injunction, 22 Cyc. 878 reads:

"Officers of a corporation will not be enjoined from act-
ing as such within their chartered powers and in the exer-
cise of discretion, for malfeasance in office, or other reasons,
even though they are only *de facto* officers. It is not the
province of equity to decide the right to an office, although
it may do so as an incident to matters otherwise within
its jurisdiction; and where an injunction to prevent an offi-
cer from acting as such is really to test the validity of his
election, it will be refused."

We have already referred to the fact that the evidence
in this case was directed almost entirely to the question as
to the legality of the organization of the school district, so
that this action is really to test the validity of that election
and the organization of the district.

Turning now to our own decisions, cited by defendants,
we find, in *Cochran v. McCleary,* 22 Iowa 75, an action
brought to determine the right, as between the plaintiff and
the defendant, to the office of mayor of Iowa City. The
court announces this rule, at page 85:

"In England, and in the different states in this coun-
try, the law, solicitous to furnish a remedy for every in-
vasion of legal right, has provided that of quo warranto,
or an information in the nature of a quo warranto, to de-
termine the title of an officer to his office, and to determine

the right of any person or corporation to exercise a public franchise. Unless the law is altered by our statute, it is perfectly well settled that questions of this character cannot be tried and decided in any collateral or indirect proceeding, as, for example, by a bill to enjoin. And the court of chancery goes so far as to hold that it will not interfere before a trial at law in favor even of an officer *de jure* against an illegal claimant by enjoining the latter from exercising the functions of the office. Upon this subject the authorities speak a uniform language."

And at page 89, the court said:

"It follows from the preceding observations that we are of opinion that the district court erred in holding that an information under Chapter 151 was not, and that an injunction, as an independent means of relief, was, the proper remedy. The statute authorizes the granting of an injunction only 'in accordance with the rules heretofore observed except as herein modified.' The authorities above cited are conclusive, that, according to the general rules of courts of equity, an injunction is not allowed in cases of this character."

In *State v. Alexander*, 107 Iowa 177, at 182, the court said:

"It is the general rule that courts of equity have no jurisdiction to determine the respective rights of claimants to a public office, for the reason that the remedy at law is adequate; and it is also the general rule that an injunction will not lie to restrain a person acting as a public officer from exercising the functions pertaining to the office on the ground that he is not entitled to the office" (citing a number of cases).

And in the case of *District Twp. of Grove v. Myles*, 109 Iowa 541, an injunction was sought to restrain the defendant from occupying or using a certain schoolhouse, from teaching school therein, and from interfering with the teach-

ing therein of a certain person. The controversy was as to who was the subdirector of one of the subdistricts in a school township, each party claiming the office, having hired a teacher. The court, citing the case of *State v. Alexander*, supra, quotes with approval the rule above stated, and further says, at page 543:

"It may be true, as insisted by the plaintiff, that what was done at the regular meeting of the board of directors was not effectual as an appointment of Myles to succeed himself; but the fact remains that he claimed to hold the office, and to be entitled to discharge its duties by due authority, and that he was in actual possession of the schoolhouse under that claim."

See, also, *Vette v. Byington*, 132 Iowa 487.

The case of *Carmel Nat. Gas & Imp. Co. v. Small*, 150 Ind. 427 (47 N. E. 11), was an action to enjoin the defendants from performing the duties of directors and officers of the plaintiff corporation, it being claimed that they were not legally elected. The court says: "Both the statute and the common law provides an ample remedy in such a case." (The statute is then quoted, which is, in substance, the same as our own). And proceeding, the court says:

"Under this provision, it has been held by this court that information in the nature of quo warranto is a proper remedy to determine the right to an office.   *   *   *   Or if the complaint in the case be construed as a complaint against the defendants for wrongfully assuming to act as a corporation when they are not, information is the proper remedy" (citing *State v. Beck*, 81 Ind. 500; *Board v. Hall*, 70 Ind. 469; *Mullikin v. City of Bloomington*, 72 Ind. 161; *Smith v. State*, 140 Ind. 343 [39 N. E. 1060]).

And see *Nelson v. Consolidated Ind. School Dist.*, 181 Iowa 424.

The authorities seem to be in harmony, and appellants have cited nothing, we think, holding to the contrary. The opinion in this case was withdrawn, that this case and the

above case of *Nelson v. District* might be considered together.

It is our conclusion that injunction will not lie, and the trial court rightly dismissed the petition, and its judgment is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD, WEAVER, SALINGER, and STEVENS, JJ., concur.