JOSEPH E. YOUNG, Appellant, v. THOMAS B. HUFF, Mayor, et al., Appellees.

No. 39861.

OCTOBER 22, 1929.

REHEARING DENIED FEBRUARY 14, 1930.

*Goltz, Schuyler & Brown,* for appellant.

*Henry C. Shull, Thomas J. Griffin,* and *S. F. Wadden,* for appellees.

GRIMM, J.—The plaintiff alleged in his petition, filed November 24, 1928, that, on the 5th day of March, 1927, he was appointed sanitary and quarantine officer of the city of Sioux  City, Iowa, as provided for in Section 2232 of the Code of Iowa of 1927; that, prior to and at the time of his appointment, he was a member of the police force of Sioux City, serving under civil service rules. The plaintiff charged that Huff, mayor, had threatened to dismiss him from the position of sanitary and quarantine officer without charges, and to transfer him back to the police department. He attaches to the petition, as Exhibit A, and as a part of his petition, the letter of the mayor, dated November 23, 1928, which reads as follows:

"I have referred the question of your status in the city's employ to its legal department for consideration. The legal department advises me that there is only one sanitation officer provided for by the laws of the state of Iowa. It also advises me that apparently Mr. Carrigg is such officer. You, of course, know the city council has repealed the ordinance providing for the detailing of peace officer to act as sanitary police. The legal department has advised me that a detail under this ordinance

prior to its change would simply be a detail on special duty, and then an officer detailed to this work can later be detailed back to the department.

"Under these circumstances, it is necessary to advise you that you will have to be detailed back to the police department for duty.

"You will, therefore, report to Mr. Andrews, Monday, November 26th, for assignment."

The plaintiff further pleads as follows:

"7. That there is not now any successor to this plaintiff legally appointed as permanent sanitary and quarantine officer, and that the said William H. Carrigg referred to in Exhibit A herein is not now and never has been legally appointed to the position of permanent sanitary and quarantine officer, and in fact, if holding any legal position whatever, is holding that position as 'city sanitary officer for service in the garbage inspection of the city of Sioux City, Iowa,' under an appointment dated January 2, 1924, from Wallace M. Short, then mayor of Sioux City, Iowa, and could be, at the most, only a sanitary policeman, as contemplated in Section 3 of Ordinance No. 1031 of the city of Sioux City, Iowa, which latter said section has, since the 2d day of January, 1924, been repealed by the city council of the city of Sioux City, Iowa."

The answer contained a general denial, and an allegation that the office of permanent sanitary and quarantine officer of the city of Sioux City "is now and has been since January 2, 1924, occupied by one William H. Carrigg, who was appointed to the same according to law, and has been since said date, and is now, occupying said office."

The defendants alleged that the plaintiff had a plain, speedy, and adequate remedy at law. The defendants also alleged that the plaintiff's petition showed upon its face that it did not state a cause of action in equity, as the plaintiff had no vested right to hold his position. The temporary restraining order was issued, and afterwards, on motion, it was dissolved.

I. Section 2232 of the Code, 1927, which is a portion of the chapter dealing with "Local Board of Health," is as follows:

"2232. Appointment of Sanitation and Quarantine Officer. Upon request of the local board, the mayor in every city or town shall appoint a member of the police force to be a permanent sanitation and quarantine officer who shall be subject to the orders and directions of the local board and its health officer in the execution of health and quarantine regulations."

It is the contention of the appellant that an appointment under this section is to be interpreted as a continuing employment in office, unless removed for cause, alleged and proved. It will be noted that the appointment must be from the police force, whose members are under civil service regulations. Manifestly, the board of health at times needed the services of a peace officer for the performance of various duties in connection with the affairs of the board. Undoubtedly it was the thought of the legislature that it would be more efficient to have these various duties performed, from time to time, by one member of the police force, who, by reason of his experience, would become familiar with the proper manner of performing the duties assigned to him. It is unreasonable to assume that anything more was intended. If the contention of the appellant is carried to its logical conclusion, he was occupying a life position, subject only to removal for cause. The court correctly held otherwise. The position held by the appellant was not a life position, or a "permanent" position, in the sense claimed by the appellant, but was an appointment, subject to the provisions of Section 5638 of the Code of 1927, which is as follows:

"Removal of Officers. All persons appointed to office in any city or town may be removed by the officer or body making the appointment, but every such removal shall be by written order, which shall give the reasons therefor and be filed with the city clerk."

II. One of the many grounds in the motion of defendants to dismiss the plaintiff's cause of action was based upon a lack of jurisdiction of a court of equity over the cause, upon the  theory that the plaintiff was seeking to try his right and title to a public office, and that jurisdiction in such a cause belonged exclusively to a court of law, by quo warranto proceedings. The plaintiff was claiming a permanent position

as sanitary and quarantine officer. He made the mayor's letter a part of his petition. It stated that "there was only one sanitation officer, and Mr. Carrigg occupied that position." It detailed the plaintiff back to the police department, where he was serving under civil service.

Thus from the plaintiff's petition it appears that he was seeking to determine his right to the office in question. He was endeavoring by an action in equity and by injunction to retain, not his position on the police force, but his position as sanitation and quarantine officer, under directions from the board of health.

The answer, among other things, denied that the plaintiff was the duly appointed permanent sanitary and quarantine officer. It alleged that Carrigg had been, since January 2, 1924, and at the time of the pleading was, such officer. It also denied that the plaintiff had any vested right to the office, and alleged that the plaintiff had a plain, speedy, and adequate remedy at law. The plaintiff, by reply, denied all of these allegations. It will thus be seen that on the plaintiff's pleadings it clearly appeared that he was seeking to determine title to a public office. Chapter 531 of the Code of 1927 provides for quo warranto proceedings. Section 12417 provides, among other things:

"A civil action by ordinary proceedings may be brought in the name of the state in the following cases:

"1. Against any person unlawfully holding or exercising any public office or franchise within this state, or any office in any corporation created by this state."

In *Cochran v. McCleary*, 22 Iowa 75, Justice Dillon, speaking for the court, says:

"The right to a public office or franchise cannot * * * be determined in equity upon an *original bill* for an injunction."

In *Harvey v. Kirton*, 182 Iowa 973, this court reviewed and analyzed the cases on the subject. The court quotes with approval the following language:

" 'It is the general rule that courts of equity have no jurisdiction to determine the respective rights of claimants to a public office, for the reason that the remedy at law is adequate.' "

See, also, *In re Sawyer*, 124 U. S. 200 (31 L. Ed. 402).

Stress is laid by the appellant upon the action of the trial court in dissolving the temporary injunction. As we view and determine this case, it is wholly unnecessary to consider this and many other questions presented in argument. We agree with the ruling of the lower court, and the cause is—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.