93 N.W.2d 109 (1958)
STATE of Iowa ex rel. Baxter FREESE, Appellant,
v.
MID-PRAIRIE REORGANIZED COMMUNITY SCHOOL DISTRICT OF WASHINGTON COUNTY, Iowa; Merle H. McDowell, Mabel J. Foster, Kenneth Kos, Charles W. Beckman, and Kenneth Patterson as Board of Directors of Mid-Prairie Reorganized Community School District of Washington County, Iowa; County Board of Education of Washington County, Iowa, and County Superintendent of Schools of Washington County, Iowa, Appellees.
No. 49635.
Supreme Court of Iowa.
November 18, 1958.
Louis J. Kehoe, Washington, for appellant.
A. E. Baldrige, Washington, for appellees.
PETERSON, Justice.
This is a quo warranto proceeding challenging the legality of the formation of Mid-Prairie Reorganized Community School District of Washington County, and the election of defendants as directors of the district.
May 22, 1958, after securing approval of court, plaintiff filed petition in quo warranto alleging that formation of the district, election of directors, and all actions of the Board, were illegal.
Sometime prior to October 1956, petitions signed by more than one-third of the *110 electors in thirty school districts in Washington County, requesting formation of a community district, were filed with the County Superintendent of Schools. Necessary statutory proceedings were taken and on October 11, 1956, a special election was held pursuant to the petitions. The proposition carried in twenty-four out of the thirty districts by vote of 1,010 yes to 246 no. It failed in six districts by a vote of 63 yes and 154 no.
One of the districts in which the proposition carried was not contiguous to the other twenty-three districts. This district has since joined another community district. After canvassing the votes the County Board of Education proceeded to organize a district composed of the twenty-three districts in which the proposition carried by a vote of 1,000 yes to 239 no.
The County Superintendent gave statutory notice as to election of directors and school treasurer in the twenty-three districts. They were duly elected and on July 1, 1957 the district started to function, and has been in operation since said date.
All funds in the hands of the various treasurers of the twenty-three districts were transferred to the treasurer of the community district. Contracts were made with teachers for teaching in the school year of 1957-1958, and again for 1958-1959. Taxes were certified, property of the old districts sold, busses purchased and all other school activities maintained.
In accordance with the provisions of Section 274.4, 1958 Iowa Code, I.C.A., the County Superintendent of Schools of Washington County filed with the County Auditor on December 11, 1956 a "Notice of establishment of Mid-Prairie Reorganized Community School District of Washington County Iowa". The notice contained a description of the boundaries of the new school corporation. Pursuant to this directive, the County Auditor transferred all the land embraced within the twenty-three contiguous approving districts to the new district for taxation purposes.
Plaintiff challenged the legality of the formation of the district by reason of slight defects in some of the petitions, and also on the basis of the absence of power in the County Board of Education to establish a new district out of the twenty-three districts.
We hold plaintiff cannot now challenge the legality of the formation of the district for two reasons: Firsthe is guilty of laches in the commencement of his action. SecondSection 274.5, 1958 Iowa Code, I.C.A., is a valid limitation statute against attacking legality of a school district after six months from the filing of the description of the property with the County Auditor.
I. The election was held on October 11, 1956. Plaintiff did not file his action until May 22, 1958. He failed to take any action and permitted all the proceedings and actions heretofore outlined to transpire without objection for more than nineteen months. Plaintiff was guilty of laches and is barred and estopped from making an attack of this nature against the newly formed district. Molyneaux v. Molyneaux, 130 Iowa 100, 106 N.W. 370; Nelson v. Consolidated Independent School Dist., 181 Iowa 424, 164 N.W. 874; State ex rel. Thie v. Consolidated Independent School Dist. of Mediapolis, 193 Iowa 856, 186 N.W. 426; State ex rel. School Tp. of Douglas Tp., Union County v. Kinkade, 192 Iowa 1362, 186 N.W. 662; Swan Lake Consolidated School Dist. v. Consolidated School District of Dolliver, 244 Iowa 1269, 58 N.W.2d 349.
In State ex rel. Thie v. Consolidated Independent School Dist. supra [193 Iowa 856, 186 N.W. 427], this court said: "With full knowledge relators remained silent, and permitted the organization of the district; witnessed the annual election in the following March; allowed the inauguration *111 of a central school system; knew that the board of directors was entering into contracts with teachers, and that taxes were being levied upon the property of the entire district, and, finally, upon the day a bond issue was voted, asked leave of court to commence this cause of action. A recognition of such a right under the circumstances would cause irreparable injury to the district."
In State ex rel. School Tp. of Douglas Tp., Union County v. Kinkade, supra [192 Iowa 1362, 186 N.W. 664], the court said: " * * * we think all the so-called relators were guilty of laches, and that they acquiesced for more than a year. The board of directors began acting as such soon after the election; they had frequent meetings; the matter was generally talked in the neighborhood." The court also said: "Under the circumstances here shown, there are intervening rights and equities, and to now dissolve the district would result in confusion, and serious consequences would follow. This being so, the relief asked should be denied."
II. Under amendment to Section 275.20, by the 57th General Assembly, I.C.A., the new district of thirty districts could now be legally formed. However, the proceeding was started in October, 1956, and was controlled by Section 275.20 of the 1954 Code, I.C.A. To form the district it must carry in seventy-five per cent of the districts, which it did, but one district in which it carried was not contiguous to the others; thus raising a question about the proposition having carried. We have held component districts must be contiguous. Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189; State ex rel. Little v. Owens, 244 Iowa 1356, 60 N.W.2d 521; State ex rel. Warrington v. Community School Dist. of St. Ansgar, 247 Iowa 1167, 78 N.W.2d 86; DeBerg v. County Board of Education of Butler County, 248 Iowa 1039, 82 N.W.2d 710.
Under Chapter 135, the 56th General Assembly adopted a revised provision as to six months limitation against challenging the legality of a school district. The provision appears first as Chapter 211 of the Acts of the 39th General Assembly. Minor changes have been made in statutory enactments through the years. The final provisions appear in Sections 274.4 and 274.5, 1958 Code of Iowa, I.C.A., as follows:
"274.4. Record of reorganization filed. When an election on the proposition of organizing, reorganizing, enlarging, or changing the boundaries of any school corporation carries by the required statutory margin * * * the county superintendent, or the secretary of said school corporation, shall file a written description of the new boundaries of the school corporation in the office of the county auditor of each county in which any portion of the school corporation lies."
"274.5. Action to test reorganization. No action shall be brought questioning the legality of the organization, reorganization, enlargement, or change in the boundaries of any school corporation in this state unless brought within six months after the date of the filing of said written description in the office of said county auditor or county auditors."
We hold these provisions of statute effective as to the case at bar. We have already considered this statutory provision in the recent case of State ex rel. Brown v. Community School District of St. Ansgar, Iowa, 91 N.W.2d 571, 575. After considering the defects charged we said: " * * * if necessary here, the statute of limitations provided in chapter 135, Acts of the 56th General Assembly, would be effective, six months having elapsed between the time of filing this description and the commencement of this action. Therefore, the trial court's decision that this action was barred, we think, was also correct."
The Mid-Prairie Reorganized Community School District of Washington County as now constituted is a legal, existing and *112 de jure school corporation, and the defendant directors are the duly elected officials of the district. Plaintiffs petition was properly dismissed.
Affirmed.
All Justices concur.