P. C. SMITH et al., Appellants, v. THE BLAIRSBURG INDEPENDENT SCHOOL DISTRICT et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—
1 Petition—Describing Boundary of Lands. The "boundaries" of

the territory proposed to be included in a consolidated school district may be sufficiently described by setting forth contiguous territory *by governmental descriptions*.   (Section 2794-a, Code Supplemental Supp., 1915.)

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—

2 Petition—Sufficiency.  A petition for a consolidated school district, which specifically describes contiguous territory *surrounding* the independent district with which it is filed, will be construed as embracing the territory *within* such independent district, though such territory is not specifically mentioned in the petition, when such petition is fairly susceptible of such construction and was so treated by the petitioners, by the school board, by the county superintendent and by the voters. (Sec 2794-a, Code Supplemental Supp., 1915.)

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—

3 Petition—Approval by County Superintendent.  A petition for a consolidated school district may be approved by the county superintendent either before or after it is signed by the petitioners.

SCHOOLS AND SCHOOL DISTRICTS:   Boards of Directors—

4 Erroneous Proceeding—Method of Review.  An error on the part of the school board in determining the sufficiency of a petition for a consolidated school district must be corrected, *not on certiorari*, but by appeal to the county and state superintendents.  (Secs. 2818–2820, Code, 1897.)

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—

5 Petition—Sufficiency—Jurisdiction to Determine.  The *filing* of a petition for a consolidated school district confers full jurisdiction on the school board to determine its sufficiency.

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—

6 Petition—What Constitutes ''Filing.''  The act of handing a petition for a consolidated school district to a member of the school board, with the later presentation of it to the full board and retention of the petition thereafter by the secretary to the board, without any formal entry or endorsement thereon, constitutes a sufficient filing.

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—

7 Petition—Refusal to Permit Inspection—Effect.  It is immaterial that school officials refused to permit an inspection of a petition for a consolidated school district after such petition had been declared sufficient and after time for appeal from such finding had expired.

SCHOOLS AND SCHOOL DISTRICTS:   Consolidated Districts—
8   Right of District Deprived of Territory.   The right of a school
corporation which has, by the organization of a consolidated
district, been deprived of certain territory, is to adjust its ac-
counts with the new district.

*Appeal from Hamilton District Court.*—EDWARD M. MC-
CALL, Judge.

FRIDAY, NOVEMBER 17, 1916.

REHEARING DENIED, SATURDAY, FEBRUARY 20, 1917.

CERTIORARI to test the legality of certain proceedings
of the defendant boards, and praying that they be annulled.
The petition was dismissed, and plaintiffs appeal.—*Affirmed.*

*Wesley Martin, D. C. Chase* and *R. G. Remley,* for ap-
pellants.

*J. E. Burnstedt, C. G. Lee* and *J. R. Meltzer,* for ap-
pellees.

LADD, J.—The validity of the organiza-

1. SCHOOLS AND SCHOOL DIS-TRICTS: consol-idated districts: petition: de-scribing boun-dary of lands.
tion of the Blairsburg Consolidated Inde-
pendent School District is challenged in this
suit. The petition therefor was addressed:
"To the Honorable Board of Directors of
Independent District, Township of Blairs-
burg, County of Hamilton, State of Iowa." Then followed
the petition in usual form, reciting that the undersigned
are resident electors of the territory proposed to be in-
cluded; that such territory is not less than 16 sections, and
they constitute more than one third of the electors residing
therein; and that the county superintendent approves the
petition; and then proceeds:

"We are desirous of and do hereby petition your honor-
able body for the formation of a consolidated independent
school district, which shall include all contiguous territory
herein set out, viz.: * * * (2) that it includes all of
Subdistrict Number 1, Liberty Township, Section 1, Sec-

tion 2, Section 11, and Section 12, excepting the Northwest fractional ¼ of the Northwest ¼ of Section 2. Of Sub-district Number 2, Liberty Township, Section 3, Section 4, Section 9, and Section 10, excepting the North ½ of the Northwest ¼ and the North ½ of the Northeast ¼ of Section 4, and the North ½ of the Northwest ¼, and the North ½ of the Northeast ¼ of Section 3, all in Township 88 North, Range 24 West of the 5th P. M. Of Subdistrict Number 6, Blairsburg Township, Section 13, Section 14, Section 23, and Section 24. Of Subdistrict Number 5, Blairsburg Township, Section 15, Section 16, Section 21, and Section 22. Of Subdistrict Number 8, Blairsburg Township, Section 27, Section 28, Section 33, and Section 34, except the East ½ of the Northeast ¼ and the East ½ of the Southeast ¼ of Section 27, and the East ½ of the Northeast ¼ and the East ½ of the Southeast ¼ of Section 34, all in Township 89 North, Range 24 West of the 5th P. M. Of Williams Township, Section 30, and Section 31, Township 89 North, Range 23 West of the 5th P. M.

"We respectfully show and represent that we reside on the aforesaid territory, and we hereby respectfully ask that all the territory situated within the limits herein described be organized into one consolidated independent district, and that the question of such organization be submitted to the voters upon said territory at a meeting of the electors thereon after due notice has been given. The above petition approved at Webster City, Iowa, this 21st of January, 1914.

E. F. Snow,<br>County Superintendent."

Then followed the signatures of the petitioners. The board of directors addressed, having found the petition to have been signed by the required number of electors and approved by the county superintendent, caused to be pre-

pared a notice of election, describing the territory to be included in the proposed district as follows:

"Sections Nos. 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 27, 28, 33, 34, 35 and 36 in Blairsburg Township, in said county; Sections Nos. 30 and 31 in Williams Township, said county; Sections Nos. 1, 2, 3, 4, 9, 10, 11 and 12 in Liberty Township, in said county; and embracing the independent school district of Blairsburg, in said county."

This included the territory of the district whose board was addressed. The contention of plaintiffs is that: (1) A board of directors of a district not included in the proposed consolidated district passed on the petition; (2) that it included territory other than that described in the petition, and issued the notice of election whether a district including other territory than that described therein should be organized; (3) that the county superintendent approved the form of the petition, but not the petition after being signed; (4) that the petition was signed by less than one third of the resident electors; and (5) that it was not filed with the board addressed, but handed to one Gardner. Section 2794-a of the Code Supplement, 1913, prescribes the procedure in the organization of consolidated independent school districts, somewhat changed since (see same section, Supplemental Supplement, 1915), and the inquiry necessarily involved is whether that section was complied with. It provides:

"When a petition describing the boundaries of contiguous territory containing not less than sixteen sections within one or more counties is signed by one third of the electors residing on such territory, and approved by the county superintendent, if of one county, and the superintendent of each if of more than one county, and by the state superintendent of public instruction if the county superintendents do not agree, and filed with the board of the school corporation in which the portion of the proposed

district having the largest number of voters is situated, requesting the establishment of a consolidated independent district, it shall be the duty of said board, within ten days, to call an election in the proposed consolidated district, for which they shall give the same notices as are required in Section twenty-seven hundred forty-six of the Code, and twenty-seven hundred fifty of the Supplement to the Code, 1907, at which election all voters residing in the proposed consolidated district shall be entitled to vote by ballot for or against such separate organization. When it is proposed to include in such district a city, or town or village, the voters residing upon the territory outside the incorporated limits of such city, town or village shall vote separately upon the proposition for the creating of such new district. The judges of said election shall provide separate ballot boxes in which shall be deposited the votes cast by the voters from their respective territory, and if a majority of the votes cast by the electors residing either within or without the limits of such city, town or village, is against the proposition to form a consolidated independent corporation, then the proposed corporation shall not be formed. If a majority of the votes so cast in each territory shall be in favor of such independent organization, the organization of the proposed consolidated independent school corporation shall be completed by the election of a board of directors for said school corporation, as provided in Section twenty-seven hundred ninety-five of the Code, and when so organized shall not be reduced to less than sixteen sections unless dissolved as provided by this act."

I.   The petition, it will be observed, should describe "the boundaries of the contiguous territory" and be filed with "the school corporation in which the portion of the proposed district having the largest number of voters is situated." . The territory described was

2. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: petition: sufficiency.

contiguous to that of the independent district to whose board the petition was addressed, and evidently, in preparing the petition, the statute was construed as so requiring: The several subdistricts included in the consolidated district were specifically described, and the two sections in Williams Township added. The 80-acre tracts excepted were excepted because not of the subdistricts. They did form a part of the independent district whose board was addressed. The latter district was surrounded by the other territory to be included in the district proposed to be created. A petition such as the statute requires need not follow any set form. All essential is that the boundaries of the proposed district be indicated, and that the territory therein be contiguous.

According to Webster's Dictionary, "contiguous" means:

"In actual contact; touching; also near, though not in contact; neighboring; joining."

And the Century Dictionary defines the word as:

"Touching; meeting or joining at the surface or border; hence, close together; neighboring, bordering or joining; adjacent, as to two certain objects, houses or estates."

The evident design of the legislature was that the 16 or more sections composing the consolidated district should together constitute an undivided or solid body of land. It is not very material whether the territory be described as contiguous to that of the district having the greater number of voters, as contended by appellees, or the entire body to be included therein be indicated by specifying the different tracts to constitute the proposed district, or the boundary lines only be designated. It is enough if the petition as a whole indicates the boundaries of the proposed district in any definite manner, and that the territory included constitutes one body of land. The lands contiguous to that of the independent district were described. If

that district's territory was not intended to be included, we should have the anomalous situation of a consolidated district wholly surrounding an independent district, and, as seen, this would be contrary to and inconsistent with the requirements of the statute. The petitioners evidently proceeded on the theory that the petition should be addressed to the board of directors of the district containing the larger number of voters, and the consolidated district should include it, together with the contiguous territory described. This construction is not entirely inconsistent with the language of the statute, and must have been apparent to the board of directors addressed, and to the county superintendent. If the petitioners, the board and the county superintendent so construed the petition, as they certainly did, it accomplished its purpose. That it was rightly construed as including the territory of the independent district, derived some support from the fact that otherwise the whole proceeding would have been nugatory. · See *Independent School Dist. No. 8 v. Independent School Dist. of Clemons,* 153 Iowa 598. Considered in connection with the statute, the petition is reasonably susceptible of the construction given it by the officers, and we are of the opinion that the territory of the independent district was shown thereby to have been intended to be included in the consolidated district, and that no lands not included therein were described in the notice of election.

II. The approval of the county superintendent exacted is that of organizing such

3. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: petition: approval by county superintendent.

a district at all, and, if to be organized of the boundaries of the proposed district, who shall sign the petition and how many is of no concern to him. This being so, it is entirely immaterial whether his approval be endorsed on the petition before or after being signed by the resident electors. The petition was properly approved.

III. The board of directors of the dis-

**4. SCHOOLS AND SCHOOL DISTRICTS: boards of directors: erroneous proceeding: method of review.**
trict having the larger numbers of voters found the petition to have been signed by more than one third of the electors residing in the territory of the district proposed.

The evidence adduced at the trial disclosed that some of those who signed the petition were not qualified electors residing in the territory of the proposed district, and that, of those residing therein, less than one third signed said petition. For this reason, appellants contend that the board of directors did not acquire jurisdiction to act. It was the filing of the petition that conferred jurisdiction, and thereupon the board's duty was to canvass the signers and ascertain whether one third of the resident qualified electors had signed. If the board erred therein, anyone aggrieved thereby might appeal from the decision to the county superintendent, and, if his decision was adverse, to the state superintendent. Sections 2818, 2820, Code. This would seem a plain, speedy and adequate remedy, and, if so, certiorari proceedings would not lie to review the board's finding, at least until the remedies provided by appeal have been exhausted. Such was the conclusion reached in *School Corporation v. Independent School District,* 162 Iowa 257, and we see no reason for departing therefrom, even though other courts may regard the requisite number of signatures as essential to confer jurisdiction. See *Gill v. Board of Commissioners,* (N. C.) 76 S. E. 203 (43 L. R. A. [N. S.] 293).

**5. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: petition: sufficiency: jurisdiction to determine.**
The rule is otherwise in this state, the filing of the petition being deemed to confer jurisdiction, and the decision as to whether signed as required regarded as a judicial determination from which the remedy by appeal is available. No appeal having been taken in this case, the finding that one third of the

resident qualified electors signed the petition is conclusive. *School Corporation v. Independent School District,* supra; *Baker v. Board of Supervisors,* 40 Iowa 226.

**6. SCHOOLS AND SCHOOL DISTRICTS · consolidated districts: petition: what constitutes "filing."** IV. Some claim is made that the petition was not filed with the board of directors of the independent district. It was handed to a director, who presented it to the board, and it has continued in the custody of the secretary since. This was a sufficient compliance with the requirement as to filing the petition. A formal endorsement of having been filed was not essential; the fact of having been filed with the board of directors was essential, and that was done. Nor is it material that the officers declined, if so they did, to exhibit

**7. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: petition: refusal to permit inspection: effect.** the petition or permit it to be examined after the period within which appeal might have been taken, for this could have no bearing on the issues raised. It is said that Williams Township school district refuses to yield the two sections thereof included in the consolidated

**8. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: right of district deprived of territory.** district. That district has no voice in the matter. Its only duty is to adjust accounts with the consolidated district of which the two sections form and have formed a part since its organization was perfected.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.