STATE OF IOWA ex rel. LOREN N. BROWN, County Attorney of Mitchell County, appellant, v. THE COMMUNITY SCHOOL DISTRICT OF ST. ANSGAR et al., appellees.

No. 49533.

(Reported in 91 N.W.2d 571)

July 28, 1958.

Loren N. Brown, of Osage, for appellant.

Alfred A. Beardmore, of Charles City, for appellees.

LARSON, J.—Contending that the Community School District of St. Ansgar, in Mitchell County, was not legally organized, the plaintiff brought this quo warranto action April 21, 1958, against the defendants above named in their various capacities. Plaintiff's principal contentions were that the county superintendent and the board of education did not have jurisdiction to proceed with the establishment of this district when the affidavit filed pursuant to section 275.13, Code of Iowa, 1954, was defective, and that as a result of the election elimination of the Spring Valley School District the remaining area was not a contiguous territory as required by section 275.11 of the Code of Iowa, 1954. The trial court found no merit in these contentions, and neither do we.

When the defendants pleaded as an affirmative defense the statute of limitations and laches, the plaintiff, in reply, alleged the papers filed by the county superintendent in the county auditor's office failed to conform with the requirements of chapter 135, Acts of the Fifty-sixth General Assembly, and were insufficient to start the running of the statute of limitations and to bar this action. This produced the other two issues involved herein.

The trial court considered the matter principally upon a stipulation of facts and upon exhibits admitted in evidence. It ruled that the Community School District of St. Ansgar was a de jure school corporation and that the defendant school board members were the duly elected, qualified, and acting officials of the said district.

In this appeal appellant assigns four errors. In addition to the two previously mentioned, it contends the trial court erred in ruling that the description of the land included, together with plats showing the territory in the new district filed with the county auditor by the superintendent, was a sufficient compliance with chapter 135, Acts of the 56th General Assembly, requiring the superintendent to file a written description of the new boundaries with the auditor, and that these acts were sufficient to bar the present action.

The facts are not in dispute. From the record we learn that on March 19, 1957, there was filed with the Superintendent of Schools of Mitchell County a petition to establish the above named district. At the same time an affidavit of one Howard L. Madsen was filed stating that there were *not less* than 1214 voters residing within the proposed school district. This was an apparent attempt to comply with the provisions of section 275.13 of a showing of the number of qualified electors in the proposed district, and the affidavit obviously should have stated there were *not more* than 1214. Evidence presented at the trial established the fact that there were 1214 qualified electors residing in that area at the time of the filing of the original petition. Assuming that they had jurisdiction to proceed, the county superintendent and the county board proceeded with the organization of the proposed district as follows: First published notice, March 21, 1957; first hearing, April 2, 1957; adjourned hearing, April 22, 1957; notice of adjourned hearing given by publication, April 11, 1957. These notices recited the filing of the petition signed by *more* than one third of the qualified voters of the proposed district. This alleged fact was never challenged. On April 25, 1957, notice was published fixing May 6, 1957, as the date of the special election, and on that date the proposition carried in all but two of the 17 districts affected. Spring Valley School District became the "hole in the doughnut" and was entirely surrounded by territory which voted approval. On May 7, 1957, the county superintendent filed with the county auditor a plat showing the boundaries of the district approved and a description of the area contained therein. Also attached was a copy of the ballot that had been submitted to the voters. Directors for the new district were elected June 17, 1957. On June 18, 1957, the County Board of Education attached certain areas consisting of less than four sections to the new Community School District of St. Ansgar, and on June 19, 1957, the superintendent filed with the auditor a description of the land now contained in the Community School District of St. Ansgar by the voters and altered by the attachments made by the board. The plat previously filed on May 7, 1957, was amended to show the attachments of June 19, 1957.

Thereafter on March 10, 1958, officers were elected to fill vacancies on the school board due to expirations of existing terms. Since June 17, 1957, the directors of the Community School District of St. Ansgar have levied taxes, entered into contracts with teachers, employees, and suppliers of materials and services, and have done all things necessary to operate the school district.

I. Unless there was a jurisdictional defect, the organization of the Community School District of St. Ansgar became effective July 1, 1957. Section 275.24, Code of Iowa, 1954. The trial court, we think, was correct in its determination that the petition which actually disclosed the signatures of more than one third of the qualified voters residing in the proposed territory on March 19, 1957, was sufficient to confer jurisdiction on the County Board of Education of Mitchell County, Iowa, and the County Superintendent of Schools under the provisions of section 275.12, Code of Iowa, 1954.

Section 275.13, here involved, is obviously a directional provision, and failure to follow it constituted merely an irregularity. It was intended as an aid to the county superintendent in considering whether it was his duty to proceed under the petition. We previously discussed at some length such irregularities in the recent case of State ex rel. Warrington v. Community Sch. Dist. of St. Ansgar, 247 Iowa 1167, 1177, 78 N.W.2d 86, involving a former attempt to reorganize the St. Ansgar school district. We shall not repeat it here. In this connection also see State ex rel. Harberts v. Klemme Community Sch. Dist., 247 Iowa 48, 72 N.W.2d 512; Wall v. County Board of Education of Johnson County, 249 Iowa 209, 86 N.W.2d 231; State ex rel. Ondler v. Rowe, 187 Iowa 1116, 175 N.W. 32; Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189. Section 275.13 provides:

"Such petition shall be accompanied by an affidavit showing the number of qualified electors living in the territory *described in the petition* and signed by a qualified elector residing in the territory, * * *. The affidavit shall be taken as true *unless* objections to it are filed on or before the time fixed for filing objections as provided in section 275.14 hereof." (Emphasis supplied.)

We are satisfied that the jurisdictional requirement appears in section 275.12 which states that the petition must be "signed

by at least one third of the voters residing within such proposed boundaries * * *." Directory section 275.13, when complied with, simply creates a presumption which, unless rebutted is taken as conclusive of this jurisdictional requirement. By failing to follow this section, one simply fails to secure the conclusiveness of an unchallenged affidavit. Proof is therefore required that at least one third of the electors did sign the petition. This cloud in the instant case was removed at the hearing before the court when testimony was admitted disclosing that over one half the qualified electors in the territory involved did in fact sign the petition. That fact, it would seem, established beyond question that the board and the superintendent had jurisdiction to proceed with the matter and that it was their duty to do so. Reliance on the presumption created by the affidavit, then, was unnecessary, and failure to comply with it became unimportant. To attach further jurisdictional significance to this requirement would, as we pointed out in State ex rel. Ondler v. Rowe, supra, 187 Iowa 1116, 1123, 175 N.W. 32, 34, do violence to the manifest spirit and intent of the legislature. Also see Iowa-Illinois Gas & Elec. Co. v. City of Bettendorf, 241 Iowa 358, 41 N.W.2d 1. We conclude that this irregularity, therefore, did not affect the jurisdiction of the school officials to proceed herein.

II. We are also satisfied that the absence of Spring Valley School District, leaving a hole in the center of the new Community School District of St. Ansgar, does not defeat the formation of the new district, for clearly this elimination leaves no detached territory from the main body—none that does not touch or adjoin some other portion of the district.

The contention of plaintiff that the district must be a solid body is not a requirement found in the statute. This matter was also fully discussed in State ex rel. Warrington v. Community Sch. Dist. of St. Ansgar, supra, 247 Iowa 1167, 1174, 1175, 78 N.W.2d 86, 91. There we pointed out that the territory must be "one body of land", that it must be in "actual contact", or touching, to be within the meaning of contiguous territory under the statute. While it is true we have used the term "an undivided or solid body of land" in the former St. Ansgar case and in the case of Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 506, 159 N.W. 1027, 1028, it was not used in the sense of

requiring the inclusion of all territory surrounded by land otherwise connected. "Solid", as used therein, was only indicative of an undivided body. To that extent this territory herein involved was solid. Whether or not the connected territory again met to complete a circle, we think, would not destroy the effect of its contiguous nature, and the fact that this circle isolates the Spring Valley School District and prevents its enlargement had, under the law at that time at least, no statutory significance. The requirement that all parts of the Community School District of St. Ansgar, as organized, did connect and adjoin, and that one could travel from one part to the other without leaving this territory was sufficient.

III. Having concluded that there was jurisdiction and that the territory involved complied with the statutory requirement of contiguous territory, it seems therefore unnecessary to consider the alleged error that the written description of the boundaries of the Community School District of St. Ansgar filed on May 7, 1957, and later amended on June 19, 1957, was sufficient compliance with the requirements of section 1 of chapter 135 of the Acts of the 56th General Assembly. However, we feel no error was committed and will make these observations. This section provides: "* * * the county superintendent * * * of said school corporation, shall file a written description of the new boundaries of the school corporation in the office of the county auditor * * *."

While it is true the filing of the legal description of all the lands included is not technically the same as the description of the boundary, the plats filed with the description and entered as exhibits herein clearly disclose the boundary lines, and no one examining these documents could be misled or fail to understand just what land was involved. It would be our conclusion, therefore, that there was substantial compliance with the requirements of section 1 of chapter 135, Acts of the 56th General Assembly, and that, if necessary here, the statute of limitations provided in chapter 135, Acts of the 56th General Assembly, would be effective, six months having elapsed between the time of filing this description and the commencement of this action. Therefore, the trial court's decision that this action was barred, we think, was also correct.

1233

IV.   We are satisfied that the Community School District of St. Ansgar, Mitchell County, Iowa, as now constituted, is a legal, existing, and a de jure school corporation under the laws of this State, and that the defendants Robert Van Nice, Howard Madsen, H. V. Nickerson, Kenneth Zuehl, Cora Wahl, and L. R. Michaels, are the duly elected, qualified and acting officials of the Community School District of St. Ansgar. Plaintiff's petition was therefore duly and properly dismissed.—Affirmed.

All JUSTICES concur.