Rex L. BURD, Duane DuVall, Andrew Korsgaard, and Frank Lange, for Themselves and for All Others Similarly Situated, Appellees,

v.

The BOARD OF EDUCATION OF AUDUBON COUNTY, Iowa, by Wayne White, Grover Davis, William Campbell, Thomas Payne and Glenn Aikmann, Members Thereof; and Chester Jensen, as Secretary of Said Board and as Superintendent of Schools of Audubon County, Appellants,

The Board of Education of the Kimballton Independent School District, by Dorcas Randolph, Doris Christensen, Ralph Mathiesen, Alfred Christensen, and Arild Christensen, Members Thereof, Intervenors.

No. 53387.

Supreme Court of Iowa.

April 8, 1969.

Dale D. Levis, Audubon, and Fred Louis, Jr., Harlan, for appellants.

Larson & Larson, Harlan, and Alan Loth, Fort Dodge, for appellees.

RAWLINGS, Justice.

By certiorari in District Court plaintiffs challenged school merger proceedings.

Trial resulted in order sustaining the writ. Defendants and intervenors appeal. We affirm.

The Independent School District of Kimballton has no high school.

When this action was commenced all plaintiffs resided in the Kimballton district. They urge reorganization of Kimballton with the Elk Horn-Kimballton Community School District.

Defendants are members and officers of the Audubon County Board of Education. They advocate a merger of Kimballton with the Audubon Community School District.

Intervenors, also Kimballton district residents, initiated and support the merger.

Other relevant prefatory facts here involved are set forth in Burd v. Board of Education of Audubon County, Iowa, 151 N.W.2d 457. We there held a pleading based motion to dismiss plaintiffs' petition, as amended, should not have been sustained, and remanded for further proceedings, (1) to determine whether the merger proceedings had been abandoned or jurisdiction lost by unreasonable delay, and (2) for an adjudication on the issue of contiguity of the Kimballton and Audubon districts.

Subsequently, in accord with our order, the case proceeded to trial. After presentation of all evidence the court found defendants' jurisdiction relative to the merger plan, if ever acquired, had been lost, and the Audubon-Kimballton districts were not contiguous.

Exhibits certified to us include a map here reproduced to aid in visualizing the various areas involved in this controversy.

JACKSON TOWNSHIP
SHELBY COUNTY

SHARON TOWNSHIP
AUDUBON COUNTY

CLAY TOWNSHIP
SHELBY COUNTY

OAKFIELD TOWNSHIP
AUDUBON COUNTY

A denotes the Kimballton Independent School District

B signifies the Audubon Community School District

C designates the Elk Horn-Kimballton Community School District

Procedurally, the trial record, on remand, discloses:

September 16 and 17, 1965, a merger petition, restrictively circulated, was signed by 63 out of 290 voters in the Kimballton district. Admittedly not all eligible were contacted.

September 17, 1965, this petition was apparently filed with the Audubon Community School District Board.

September 23, 1965, that body adopted a resolution agreeing to accept Kimballton in a merger with the Audubon School District. Not later than September 27, a copy of this resolution was delivered to the Audubon County School Board secretary. He in turn submitted a copy to the County Superintendent of Schools.

September 27, 1965, the Audubon County Board approved these merger proceedings.

Chester Jensen, then Superintendent of Schools in Audubon County, and secretary to the Audubon County Board of Education, was instructed to proceed with the merger "at his discretion."

At least four monthly meetings of the Audubon County Board followed with no further action taken, although the Kimballton Independent Board met with the Audubon County Board November 8, 1965, "to discuss school matters."

February 3, 1966, 132 Kimballton voters filed with the Shelby County Board of Education a petition to reorganize Kimballton with Elk Horn.

February 10, 1966, the Audubon County School Superintendent caused notice of hearing on the merger proposal to be published, designating February 28, 1966, at Audubon as the time and place.

Plaintiffs then commenced this action in certiorari. Trial court issued an attendant order restraining defendants from proceeding further with the proposed merger.

Defendants and intervenors now contend trial court erred in holding, (1) the merger proceedings had been abandoned or jurisdiction lost by unreasonable delay, and (2) the Kimballton-Audubon districts are not contiguous.

I. Despite an original argument by defendants and intervenors to the contrary, they now concede this case stands as a law action. See rule 317, Rules of Civil Procedure.

 That means our review is not de novo, and we are bound by trial court's findings if they have substantial support in the record. Rules 318 and 344(f) (1), R.C.P.; Smith v. City of Fort Dodge, Iowa, 160 N.W.2d 492, 495; and Board of Education v. Iowa State Bd. of Public Instr., Iowa, 157 N.W.2d 919, 921.

II. Trial court found, in effect, jurisdiction as to the merger proceedings, if it ever existed, terminated by January 31, 1966, and thereafter stood as no impediment to the proposed reorganization of Kimballton with Elk Horn.

 At the outset it stands without question the same land cannot be within the jurisdiction of two pending school merger or reorganization proceedings at the same time. See State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 51–52, 72 N.W.2d 512.

But Davies v. Monona County Board of Ed., 257 Iowa 985, 989–990, 135 N.W.2d 663, discloses jurisdiction to proceed with a school district reorganization plan may be lost by abandonment.

And in Burd v. Board of Education of Audubon County, Iowa, 151 N.W.2d 457, 462–464, we held jurisdiction once obtained relative to any such reorganization proceeding may be lost if not pursued to completion with prompt action, reasonable dispatch and due diligence.

 The foregoing rules must apply with equal force to any school merger action.

Referring again to Burd, supra, loc. cit., 151 N.W.2d 463, we said: "Reasonable time or diligence under the circumstances and the inferences permissible from them are questions of fact and not of law."

Accordingly we look now to the factual situation disclosed by the record, and more particularly the lapse of time in publishing notice of hearing regarding the merger plan.

As heretofore disclosed, the Audubon County Board approved the proposed merger September 27, 1965, and instructed the county superintendent to proceed "at his discretion." He agreed to do so on behalf of the board. Nothing further was done relative thereto for more than four months.

However, it is apparent plaintiffs' February 3, 1966, efforts leading toward a reorganization of Kimballton with Elk Horn brought forth prompt action. Just one week later notice of hearing on the merger proposal was given.

A search of the record fails to disclose any attempt on the part of defendants to show the self-evident delay was unavoidable, or necessary.

An effort is made by the board to escape responsibility by casting all fault upon its superintendent. But this argument falls of its own weight.

To the extent here relevant the Iowa Code provides:

Section 273.13—"The county board of education shall:

"1. Appoint a county superintendent of schools provided in this chapter and fix his salary. * * *

"* * *

"12. With the assistance of the county superintendent and the co-operation of the boards of the districts within the county, plan and supervise the orderly reorganization of districts, by union, merger or centralization, into larger and more efficient attendance and administrative units."

Section 273.18—"The county superintendent shall, under the direction of the board, exercise the following powers and duties:

"1. Act as secretary, ex officio, and executive officer of the board.

"* * *

"3. Attend all regular and special meetings of the county board, and advise the board on all questions under consideration."

Section 275.6—"It is the intent of this chapter that the county board shall carry on the program of reorganization progressively and shall, insofar as is possible, authorize submission of proposals to the electors as they are developed and approved."

With regard to the foregoing see also 78 C.J.S. Schools and School Districts § 237, page 1193.

■ Clearly a county superintendent is an administrative arm of the board which cannot avoid its responsibility by merely pointing an accusatory finger at an executive officer.

As previously revealed, the board met four times prior to publication of the statutorily required notice, but did nothing in that direction despite the fact it once met with the Kimballton district board to discuss school matters.

From this it becomes evident defendant board members knew or stood charged with knowledge of the extended tarriance. In fact, the record discloses nothing more than excuses offered for failure to act, which had no substantive relationship to the merger.

In that vein it is first claimed a contemplated area vocational school project, which included Shelby County, might have been endangered by a hotly contested vote on the proposed merger. But in January 1966, it became evident Shelby would associate with the Council Bluffs area school program.

Another reason given for absence of prompt action was that authoritative advice had been received to the effect there existed no statutory directive as to time for publication of notice.

Demonstrably the excuses advanced by defendants stand as an admission of failure to act promptly, with an attendant effort to establish absence of bad faith, here a matter of little or no significance.

It may also be reasonably inferred defendants' failure to act with reasonable dispatch was not a matter of mere inadvertence, being in fact a calculated plan designed to afford them and other merger proponents a timetable-advantage to the irreparable detriment of those espousing a reorganization of Kimballton with Elk Horn. See Code section 275.1.

■ There is no escape from the conclusion responsibility for prompt action here fastened equally upon defendant board and its superintendent.

Authorities cited by defendants and intervenors in support of their claim to the contrary have been considered but found inapplicable or factually distinguishable.

■ We are satisfied the record accords substantial support to trial court's finding, defendants' delay in publishing notice of hearing served to divest them of any jurisdiction to proceed with the merger project.

III. Next to be considered is the question posed relative to contiguity of the Kimballton and Audubon school districts.

To the extend here relevant Code section 275.40 provides: "In addition to the procedure set forth in sections two hundred seventy-five point twelve (275.12) to two hundred seventy-five point twenty-three (275.23), inclusive, relating to the organization of a proposed school district, a school district not operating a high school that is contiguous to a high school district may merge with said high school district * * *."

Without dispute Kimballton and Audubon have a common 80 rod boundary. See plat reproduced above.

So the problem to be resolved is whether this relatively limited border serves to make these two school districts contiguous as that word is employed in section 275.40, supra.

■ At the outset we look to section 4.1(2), Code, 1966, which requires, in the construction of statutes, words and phrases used be construed in accord with the context and approved usage of the language. That means "contiguous" must be here accorded its plain or ordinary meaning. See In re Estate of Klug, 251 Iowa 1128, 1132, 104 N.W.2d 600, and Byers v. Iowa Employment Security Commission, 247 Iowa 830, 833, 76 N.W.2d 892.

In Smith v. Blairsburg Ind. School Dist., 179 Iowa 500, at 506, 159 N.W. 1027 at 1028, we stated: "According to Webster's Dictionary, 'contiguous' means:

" 'In ⋅actual contact; touching; also near, though not in contact; neighboring; joining.'

"And the Century Dictionary defines the word as:

" 'Touching; meeting or joining at the surface or border; hence, close together; neighboring, bordering or joining; adjacent, as to two certain objects, houses or estates.'

"The evident design of the legislature was that the * * * sections composing the consolidated district should together constitute an undivided or solid body of land."

Subsequently this court said in State ex rel. Brown v. Community Sch. Dist., 249 Iowa 1226, 1231–1232, 91 N.W.2d 571, 574: "The contention of plaintiff that the district must be a solid body is not a requirement found in the statute. This matter was also fully discussed in State ex rel. Warrington v. Community Sch. Dist. of St.

Ansgar, supra, 247 Iowa 1167, 1174, 1175, 78 N.W.2d 86, 91: There we pointed out that the territory must be 'one body of land', that it must be in 'actual contact', or touching, to be within the meaning of contiguous territory under the statute. While it is true we have used the term 'an undivided or solid body of land' in the former St. Ansgar case and in the case of Smith v. Blairsburg Independent School Dist., 179 Iowa 500, 506, 159 N.W. 1027, 1028, it was not used in the sense of requiring the inclusion of all territory surrounded by land otherwise connected. 'Solid', as used therein, was only indicative of an undivided body. * * * The requirement that all parts of the Community School District of St. Ansgar, as organized, did connect and adjoin, and that one could travel from one part to the other without leaving this territory was sufficient." See also 78 C.J.S. Schools and School Districts § 31b (2), page 687, and 3 Drake L.Rev. 57, 69.

It is to us evident the 80 rod boundary shared by Kimballton and Audubon serves to creates one solid undivided body of land permitting travel from one part to another without leaving the territory. Under these circumstances we conclude the Kimballton and Audubon School districts are contiguous within the meaning of section 275.40. Resultantly trial court's holding on this issue alone must be and is reversed.

IV. Upon the basis of our holding in Division II, supra, concerning loss of jurisdiction, we must affirm, and the fact that trial court erred with regard to the matter of contiguity, dealt with in Division III above, does not alter the result here reached. As stated in Mechanicsville v. State Appeal Board, 253 Iowa 517, 525–526, 111 N.W.2d 317, 322: "It is well settled that a court decision which is proper on any ground shown by the record will not be disturbed even on appeal, rather than in certiorari, merely because the decision is based on an unsound or erroneous reason. As frequently said, many a learned court is occasionally right for a wrong reason. This rule is more frequently applied in equity cases but it has also been followed in law *and certiorari*." See also Newmire v. Maxwell, Iowa, 161 N.W.2d 74, 80; Houlahan v. Brockmeier, 258 Iowa 1197, 1203, 141 N.W.2d 545, 924; Schnabel v. Vaughn, 258 Iowa 839, 845, 140 N.W.2d 168; and Wilkinson v. County Board of Education, 251 Iowa 876, 879, 102 N.W.2d 924.

Trial court was right in part, wrong in part, but the former is here controlling.

Costs of appeal are taxed to defendant-appellant Board of Education of Audubon County.

Affirmed.

All Justices concur.