**BOARD OF EDUCATION OF AUDUBON COUNTY, Iowa, Appellant,**

v.

**JOINT BOARD OF EDUCATION OF AUDUBON, CASS, AND SHELBY COUNTIES, Iowa, and Board of Directors of Kimballton Independent School District of Kimballton, Iowa, Appellees.**

No. 54928.

Supreme Court of Iowa.

April 13, 1972.

Dale D. Levis, Audubon, and Louis & Moore, Harlan, for appellant.

Larson & Larson, Harlan, for appellees.

UHLENHOPP, Justice.

The question in this case is whether a joint board of education substantially complied with the Iowa statute on reorganization of school districts in a reorganization proceeding.

This must be one of the more protracted school reorganizations in Iowa history. Previously, the non-high school Kimballton

Independent School District lay between two high school districts—Elk Horn and Audubon. Elk Horn reorganized, taking in part of Kimballton to form Elk Horn-Kimballton district. The remainder of Kimballton district (which we will call Kimballton district) was surrounded by Elk Horn-Kimballton district except for a narrow corridor of land from Audubon district which touched Kimballton district on one side. See map in Burd v. Board of Education of Audubon County, 167 N.W.2d 174 at 176 (Iowa). The Board of Education of Audubon County continually favored joining Kimballton district with Audubon district. Off and on since at least 1959, the three districts have been involved in litigation as to whether Kimballton district should become part of Elk Horn-Kimballton district or of Audubon district. Audubon District Court, Civil No. 14688, Elk Horn-Kimballton Community School Dist. v. Board of Education of Audubon County; Board of Education of Kimballton Independent School Dist. v. Board of Education of Audubon County, 260 Iowa 840, 151 N.W.2d 465; Burd v. Board of Education of Audubon County, 260 Iowa 846, 151 N.W.2d 457; Burd v. Board of Education of Audubon County, 167 N.W.2d 174 (Iowa). The present litigation is the latest in the series and, it is to be hoped, the last.

In the spring of 1965, the legislature enacted a statute providing that all school districts which on April 1, 1966, were not in a high school district or not included in a reorganization petition should be attached by the county board of education to a district having a high school: 61 G.A. ch. 240 (see Code, 1971, § 275.1). This meant that Kimballton district had to join either Elk Horn-Kimballton district or Audubon district. A written proposal to merge Kimballton and Audubon districts was signed by 64 of the 290 voters in Kimballton district, approved by Audubon district board of directors, and on September 27, 1965, filed with the Board of Education of Audubon County. See Code, 1962, § 275.40. But the latter board did not go

forward with the proceeding and the proposed merger was eventually held by this court to have been abandoned. Burd v. Board of Education of Audubon County, 167 N.W.2d 174 (Iowa).

Meantime, on February 3, 1966, voters in Elk Horn-Kimballton and Kimballton districts filed the present petition for an election on whether Elk Horn-Kimballton and Kimballton districts should reorganize into one district. Proceedings on this petition were enjoined pending the outcome of the proposal to merge Audubon and Kimballton districts. When this court ultimately held the merger to have been abandoned, proceedings went forward on the present petition.

Parts of Elk Horn-Kimballton district lie in three counties. Hence the present petition came before the joint board of those counties. See Code, 1971, § 275.16. The petition described the boundaries of the new enlarged Elk Horn-Kimballton district as all of Elk Horn-Kimballton and Kimballton districts. The petition also described the proposed new director districts.

The petition was set for hearing and notice was given. A number of individuals filed objections of two main kinds: one kind objecting to the proposed reorganization itself and the other kind objecting to inclusion in the reorganized district of specific land lying in Elk Horn-Kimballton district.

The joint board held the hearing and heard discussion pro and con. The board then held an executive session and discussed the subject including the objections, which were separately read. The board had before it the question of whether it should approve the reorganization petition and submit the proposal to the voters, or amend or dismiss the petition. All members of the joint board except one were present. The Audubon County Attorney also attended.

The actual minutes of the meeting, which were brief, stated in pertinent part:

Following the public hearing, F. Brouhard read each individual affidavit of

the seventy-one objectors from the Kimballton Independent School District and the six objectors from the Elk Horn-Kimballton Community School District.

T. Payne moved that we as a joint board dismiss the reorganization. Seconded by G. Davis. Motion defeated.

A. Muenchrath moved that we overrule the seventy-one objectors. Seconded by Hodne. Motion carried.

G. Davis made a motion that we honor the objectors on the land petition. The objectors being as follows: Leroy Sand, Carl M. Madsen, Burdette Christensen, Eugene C. Cox, Leland L. Kaltoft, and Morten Nelsen. Seconded by W. Campbell. Motion defeated.

D. Luxford moved we overrule the objectors on the land petition from the Elk Horn-Kimballton Community School District. Seconded by S. Hodne. Motion carried.

The evidence shows that after these motions were thus defeated or adopted, the chairman asked the joint board if anything remained to be done. When nothing was suggested, a motion to adjourn was made and adopted.

Two days later the county superintendent published notice of the proceedings of the joint meeting, notifying the public in part:

That the said petition for the reorganization of the Elk Horn-Kimballton Community School District be affirmed with the boundaries as existed on January 1, 1966.

Thereafter an election was held in Elk Horn-Kimballton and Kimballton districts; the proposed reorganization was approved in both districts. The boards of the two districts subsequently divided the assets and liabilities. See §§ 275.18–275.23, 275.29, Code, 1971.

In the interim the Audubon County board filed an appeal from the joint board's action to the State Department of Public Instruction. The Department dismissed the appeal for want of jurisdiction on the ground that the joint board never made a final decision approving the reorganization petition and fixing the boundaries of the proposed district. Apparently no appeal was taken, or writ of certiorari was obtained, as to the Department's dismissal of the appeal to it.

In the present certiorari proceedings against the joint board (with the Kimballton district directors intervening and joining the joint board), the Audubon County board claims the joint board's proceedings were illegal. The gist of the claim is that the joint board did not at its meeting make a decision approving the reorganization petition, changing the Audubon county plan, setting the boundaries of the proposed district, or prescribing director districts or the method of electing directors. Evidently the Audubon County board believes that if the joint board's proceedings are annulled, the joint board will be unable to rectify the shortcomings in its proceedings because of lapse of the time limited by §§ 275.15 and 275.16, Code, 1971. The Audubon County board will thus have authority to annex Kimballton district to Audubon district under § 275.1, Code, 1971.

The trial court held that the school reorganization statutes were substantially complied with. The Audubon County board appealed to this court.

Two questions appear. What are the relevant statutory requirements for reorganization? Did the joint board substantially comply with those requirements?

I. *Statutory Requirements.* The duties of a joint board cannot be understood without considering the statutory provisions relating to a petition for a reorganization election and relating to the duties of a single county board in reorganization proceedings. The requirements relating to a petition are enumerated in § 275.12, Code 1971. First, the petition must set out the proposed boundaries of the new district and request a corresponding change in the county plan, if necessary. Second, it must

state the method of electing the new board of directors (election by districts, at large, or by a combination). Third, it must describe any director districts. Section 275.12 then provides:

4. The county board or boards of education in reviewing such petition as provided in sections 275.15 and 275.16 [infra] shall review the proposed method of election of school directors and *shall have the duty and authority to change or amend such plan* in any manner, including the changing of boundaries of director districts if proposed, or to specify a different method of electing school directors on the basis of area, school population, or assessed valuation as may be required by law, justice, equity, and the interest of the people. In such action the county board or boards shall follow the same procedure as is required by sections 275.15 and 275.16, for other action on the petition by the county board or boards. (Italics added.)

No party in this case claims that the present petition did not comply with § 275.12. We have examined the petition and find that it does meet statutory requirements. (The statute further provides for filing objections to the petition and for notice and hearing. § 275.14. No one claims that § 275.14 was not complied with. See also §§ 275.1–275.4, on county plans.)

The requirements as to board action when a petition involves territory in only one county are set out in § 275.15, which provides in relevant part:

On the final day fixed for filing objections, interested parties may present evidence and arguments, and the county board of education shall review the matter on its merits and within five days after the conclusion of any hearing, shall *rule on the objections* and shall *enter an order fixing such boundaries for the proposed school corporation* as will in its judgment be for the best interests of all parties concerned, having due regard for

the welfare of adjoining districts *or dismiss the petition.* (Italics added.)

The requirements as to board action when the proceeding involves territory in more than one county must also be considered. Those requirements are provided by § 275.16, which reads in relevant part:

The joint boards·acting as a single board shall determine whether the petition conforms to county plans or, if the petition requests a change in county plans, whether such change should be made, and *shall have the authority to change the plans of any or all the county boards affected* by the petition, and it shall *determine and fix boundaries* for the proposed corporation as provided in section 275.15 *or dismiss the petition.* (Italics added.)

Specifically, the Audubon County board claims that the joint board minutes reveal the joint board did not carry out the following mandatory duties under the quoted statutes: first, fix the method of electing directors, second, change the Audubon County plan, third, establish the boundaries of the proposed district, and fourth, approve or dismiss the petition. Are the claims of the Audubon County board valid?

■ II. *Substantial Compliance?* Two basic principles run through our decisions involving the school reorganization law. One is that we "liberally construe" that law. Allerton-Clio-Lineville Community School Dist. v. County Board of Education of Wayne County, 258 Iowa 846, 849, 140 N.W.2d 722, 724. The other is that we hold precise and exact compliance with that law is not essential but substantial compliance is necessary and will suffice. Turnis v. Board of Education of Jones County, 252 Iowa 922, 109 N.W.2d 198.

■ Turning to the first of the Audubon County board's four specific claims, we think that when a joint board approves a petition which proposes a method of electing directors, the board is not required ex-

pressly to fix the method of electing directors. Section 275.12(4) authorizes the board to "change or amend" the method proposed in the petition. Approval of a petition carries with it approval of the method of electing directors proposed in the petition—unless the joint board orders otherwise. Here the joint board did not order otherwise. The method proposed was therefore approved—if the petition itself was approved.

■ We think the same situation exists as to the Audubon County board's second claim, relating to changing the county plan. When the boundaries proposed in a petition do not conform to a county plan for school reorganization, the petition must request a change in the county plan accordingly (as this petition did), and the joint board "shall have the authority" to make the change. §§ 275.12(1), 275.16. Approval by a joint board of a petition requesting such a change carries with it a change in the county plan. See Turnis v. Board of Education of Jones County, supra.

■ Although less clear, we think the same situation also exists as to the third claim, relating to setting boundaries. Section 275.12(1) provides that the petition shall set out the boundaries of the proposed district—as this petition did. Section 275.16 provides that the joint board "shall determine and fix boundaries" for the new district. The latter language is stronger than the statutory language involved in the first two claims of the Audubon County board. If the boundaries determined by the joint board are changed from those proposed in the petition, obviously the change would have to be made to appear by the board. Where, however, the joint board simply approves the petition as it is, we are inclined to think that the board thereby determines and fixes the boundaries as set out in the petition. In so concluding, we have in mind the principle that the school statutes are to be liberally construed. In this particular case we also have in mind

the action of the joint board overruling the objections to inclusion of specified lands, showing the board's intention to adhere to the boundaries set out in the petition. See State ex rel. Schilling v. Community School Dist. of Jefferson, 252 Iowa 491, 106 N.W.2d 80.

■ This brings us to the Audubon County board's fourth claim and the crux of the case—that the joint board did not actually approve the petition. The evidence clearly shows the joint board did not dismiss the petition and had no intention of doing so. Did the board approve the petition? Three of our decisions cast light on this question, Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234; Brighton Independent School Dist. v. County Boards of Education of Keokuk, Jefferson, and Washington Counties, 252 Iowa 734, 108 N.W. 2d 510, and Turnis v. Board of Education of Jones County, 252 Iowa 922, 109 N.W.2d 198.

Anderson involved the consolidated school statute, since repealed. A consolidation proceeding was initated before a county superintendent, who approved the petition, and a review in the nature of appeal de novo was before a joint board. The joint board members cast a tie vote on a motion to dismiss the petition and adjourned. This court held that on such evidence the consolidation proceeding could not go forward; the evidence did not show approval of the petition by the joint board.

Brighton lends some support to the Audubon County board's claim here. In that case, a motion was made before the joint board to approve the petition. The motion lost by a vote of nine to five. After a recess, a similar motion was made. The second motion lost by the same vote. The board adjourned. This court held the board had not taken final action which would permit an administrative appeal to the State Department of Public Instruction; the evidence did not disclose intention on the part of the board to dismiss the petition or to approve it.

**428**

Turnis involved a number of questions and is not as closely in point. But it most clearly indicates the test which is to be applied in interpreting the action of boards. One question to be determined there was the intention of a joint board at a meeting. This court repeated the principles that the school reorganization law is to be liberally construed and that substantial compliance is required and held that the circumstances at the meeting should be examined in ascertaining the intention of the board. Turnis v. Board of Education of Jones County, 252 Iowa 922, 936, 109 N.W. 2d 198, 207 ("we must examine the circumstances to determine the intention of the members at that time").

In the case before us a lay board was functioning without counsel. See State ex rel. Ondler v. Rowe, 187 Iowa 1116, 175 N.W. 32. The Audubon County Attorney was present, but he did not represent the joint board and did not purport to do so; his county board's position was opposed to that of a majority of the joint board. A petition for an election was before the joint board. The evidence shows that the joint board desired to have the question of reorganization determined by election. The testimony leads to the conclusion the board intended to approve the petition and have an election and thought by overruling the motion to dismiss the petition and the objections that it approved the petition. We have no question as to what the board actually intended. The only question is whether that intention was articulated with sufficient formality.

The trial court thought the board's intention was sufficiently expressed. The trial court's judgment applies the doctrines of liberal construction and substantial compliance very broadly. Upon consideration of the matter, however, and mindful of the prolonged litigation over this reorganization and of the vote of the electorate showing its favor of the reorganization, we conclude that the judgment should stand.

Affirmed.

All Justices concur.