Myron BLOOM, Karen Bloom, Lester Watts, Louise Watts, et al.,
Appellees,

v.

ARROWHEAD AREA EDUCATION AGENCY, Jerome Kiliper, President, Appellants.

F. Elmer KLAHS, Robert Rebuhn, Richard Mosbo, Tom Cavanaugh and John Demers, Appellees,

v.

ARROWHEAD AREA EDUCATION AGENCY, J. W. Kiliper, President, Appellants.

No. 61548.

Supreme Court of Iowa.

Oct. 18, 1978.

Allan L. Goode, Fort Dodge, for appellants.

Connell & Duffy, P. C., Storm Lake, for appellees.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

The question here is whether the defendant Arrowhead Area Education Agency failed to adopt and file with the state department of public instruction (DPI) a tentative plan for reorganization of area school districts before approving a specific reorganization proposal for submission to election. The trial court held it did not and set aside the election order. We reverse.

Effective July 1, 1975, area education agencies replaced county school boards. See Code chapter 273; Acts 65 G.A. ch. 1172 § 9. Boundaries of the area agencies are coterminous with those of area vocational schools and community colleges. § 273.2. The agencies are governed by boards of directors.

Among other duties, the area agencies were charged in the statute applicable at the time involved here with planning reorganization of school districts "into such units as are necessary, economical and efficient and which will insure an equal educational opportunity to all children of the state." § 275.1, The Code, 1977. The statutes provided for preliminary reorganization studies and plans. §§ 275.1–275.5, The Code, 1977.

Compliance with the study and planning requirements was a condition precedent to effectuating any reorganization proposal. § 275.9, The Code, 1977. However, under § 275.5, The Code, 1977, only a tentative reorganization plan had to be adopted and filed with the DPI before submission of a specific proposal to election.

These provisions have been changed, but the changes do not affect the present case, nor do they affect § 275.9. See House File 2359, Acts 67 G.A., 1978 Regular Session.

At issue here is whether Arrowhead complied with § 275.5 before approving for submission to the voters of the affected districts a proposal to consolidate the Sioux Rapids Community School District and the Rembrandt Consolidated School District into a single district. At the time involved here § 275.5 provided in material part:

Any proposal for merger, consolidation or boundary change of local school districts shall first be submitted to the area education agency board for approval before being submitted at an election. The area education agency board shall adopt and file a tentative plan with the state department of public instruction no later than sixty days after a proposal for merger or consolidation has been presented to them for their approval under this section.

Plaintiffs, who objected to the reorganization petition in the proceeding before the Arrowhead board, contend the board did not "adopt and file a tentative plan with the state department of public instruction no later than sixty days after [the] proposal for merger [was] presented to them for approval . . ." as required by this provision.

When the board approved the proposal for submission to election, plaintiffs brought separate actions challenging the decision. One was a petition for certiorari and the other a petition for further review under the administrative procedure act. The cases were consolidated for trial. The trial court held for plaintiffs in the certiorari action and ruled the other action was moot. No issue relating to the form of action is presented here. We are asked only to decide whether the trial court erred

in holding the board did not comply with § 275.5 before approving the reorganization proposal.

■ This decision must be made in the light of two principles which are applicable to school reorganization statutes. The statutes are to be liberally construed, and substantial compliance with them is sufficient. *Board of Education v. Joint Board of Education,* 196 N.W.2d 423, 426 (Iowa 1972).

The case was submitted upon stipulated facts. They include the following:

June 19, 1975, during the period of transition from county to area boards, the Arrowhead board passed a resolution adopting the existing county plans for school reorganization as the tentative reorganization plan for the area under its jurisdiction, pending future reorganization studies.

August 25, 1975, the agency administrator notified David J. Gilliland, intermediate unit resources consultant for the DPI, of Arrowhead's action and asked that the plan be filed.

August 27, 1975, Gilliland acknowledged the filing of the plan with the DPI.

June 7, 1976, a proposal for reorganization of the Sioux Rapids and Rembrandt districts was filed with Arrowhead.

July 26, 1976, a public hearing was held and 82 objectors in the Rembrandt district were given an opportunity to be heard. Mr. Gilliland of the DPI was present and received information relating to the proposal. The information included a map of the proposed district, listing of objectors and data showing curriculum, enrollment totals, location of attendance centers, projected staff reductions, per pupil cost, budget figures and assessed valuations. The Arrowhead board concluded a larger reorganization should be explored and dismissed the proposal.

August 6, 1976, an identical reorganization petition was filed with Arrowhead. Mr. Gilliland was notified.

September 28, 1976, the hearing on the new proposal was held.

September 30, 1976, the Arrowhead board decided to approve the new proposal for submission to the voters in the affected districts. The present litigation ensued.

The trial court based its holding of noncompliance with § 275.5 on three grounds. First, the court held that Arrowhead's adoption of the county plans in June 1975 did not constitute adoption of a tentative plan within the meaning of § 275.5 because the county plans consisted only of maps of school districts as they existed in the county systems. Second, the court held that the filing of these plans as the tentative Arrowhead plan in August 1975 was premature because § 275.5 required the tentative plan to be filed no later than 60 days *after* the merger proposal had been presented to it. Third, the court held that the information furnished to Mr. Gilliland during the process of considering the first reorganization proposal could not be considered to be a tentative plan filed with the DPI because he was not shown to be a proper person to accept and preserve filings for the DPI or to have acted as such in this instance.

We find it necessary to consider only the first two grounds.

In order to determine whether the June 1975 adoption of former county plans met the § 275.5 requirement of adopting a tentative plan, it is necessary to decide what a tentative plan is. The term can be best understood in light of the predecessor statutes.

When reorganization was in the hands of county boards of education, the boards had a mandatory duty to conduct studies and surveys of school districts within the county for the purpose of promoting such reorganization as would result in more economical operation and higher educational standards. § 275.1, The Code, 1973. These studies and surveys were to result in plans for reorganization. §§ 275.1–275.4, The Code, 1973.

Pending completion of the final plans, the county board was to prepare and approve a tentative plan for reorganization of school districts within the county after consultation with the local boards and the DPI. The tentative plan was to be filed with the

DPI within ten days after its adoption. § 275.5, The Code, 1973. Specific reorganization proposals subsequently presented to the county board were to conform with the county plan or to request a change in it. § 275.12(1), The Code, 1973.

■ With the creation of area education agencies, the statutes shifted the planning task from the county board to the area agency. § 275.1–275.4, The Code, 1977. Thus, the tentative plan required to be filed by the area agency with the DPI by § 275.5, The Code, 1977, was to be a temporary plan for reorganization of area school districts which would be effective until a final plan was developed through studies and surveys. Moreover, instead of being required to file the tentative plan with the DPI within ten days of its adoption, the area agency was to file the plan "no later than sixty days after" presentation of a specific merger or consolidation proposal. § 275.5, The Code, 1977.

The Arrowhead agency, relying on an attorney general's opinion, elected to adopt the plans of the county boards in the area as its tentative plan. See OAG March 21, 1975, 1976 Report of the Attorney General at 78–79. This was done in June 1975, which was before Arrowhead would have had any opportunity to conduct studies and surveys.

Specific merger or consolidation proposals were still required to conform with the plan or to request a change in the plan. § 275.12(1), The Code, 1977.

■ The trial court held the Arrowhead plan did not comply with § 275.5 because the county plans adopted by Arrowhead as its tentative plan reflected only the status quo and did not provide for reorganization. This interpretation assumes that the legislature mandated reorganization in all events, whether it might be justified on the merits or not. We do not share this assumption. The legislature declared its policy was "to encourage" reorganization, but it was made mandatory only for districts maintaining less than 12 grades. § 275.1, The Code, 1977. We do not believe

a tentative plan was necessarily required to include a proposed reorganization of districts in the area. Until completion of studies and surveys, the Arrowhead board may well have concluded it had insufficient basis for departing from the status quo. Its tentative plan may have reflected this cautious attitude. We have recognized that the planning process is comprehensive and time-consuming. *Archer v. Board of Education,* 251 Iowa 1077, 1080, 104 N.W.2d 621, 623 (1960).

Furthermore, the county maps adopted by Arrowhead as its tentative plan showed the districts as they were organized under the prior statutes. Those statutes contained a timetable for studies, surveys, plans and resulting reorganization which should have all been completed before establishment of the area education agencies. See §§ 275.1–275.4, The Code, 1973. Thus, in adopting the existing districting as its tentative plan, the Arrowhead board was relying upon districting which presumably was in compliance with reorganization requirements of the former statutes. Plaintiffs offered no evidence to the contrary.

When the Sioux Rapids-Rembrandt merger was proposed, Arrowhead was given the data necessary to determine whether a departure from the tentative plan, the status quo, was justified. On the whole record, construing the statutes liberally, we hold that Arrowhead's tentative plan substantially complied with § 275.5.

■ The issue remains whether it was timely filed with the DPI. The trial court held § 275.5 required it to be filed after presentation of a specific merger or consolidation proposal. We disagree. We believe the sixty-day period after a specific proposal was presented defined the deadline by which a tentative plan had to be filed but did not preclude an earlier filing. Here the tentative plan had been filed in August 1975, long before the deadline in § 275.5.

We hold that Arrowhead did not act illegally in approving the Sioux Rapids-Rembrandt merger proposal for submission to the voters in the affected districts. The

trial court erred in sustaining the writ of certiorari.

REVERSED.